**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Leonard REYNOLDS,
Defendant-Appellant.**

**No. 47396.**

Missouri Court of Appeals,
Eastern District,
Division Four.

April 3, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 1984.

Application to Transfer Denied
June 19, 1984.

Lew Anthony Kollias, Public Defender, Jefferson City, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

STEPHAN, Judge.

Defendant Leonard Reynolds appeals from a judgment of conviction of possession of controlled substances, §§ 195.020, 195.200, and 195.240, RSMo 1978, in the circuit court of St. Louis County, for which he was sentenced to fifteen years imprisonment. Because we conclude that there was insufficient evidence to sustain a conviction, we reverse and remand for the trial court to enter a judgment of acquittal.

On November 20, 1981, St. Louis County police officers searched a residence at 7705 W. Bruno in Richmond Heights, pursuant to a search warrant issued upon information received that a man named "Chuckee" sold drugs there. When police officers entered the one bedroom duplex, defendant, another man, and three women were present. Upon conducting a search, officers found a small bucket on a coffee table in the living room, containing a bag which held a drug manufacturer's bottle and several Preludins and three Quaaludes, all controlled substances. The bottle contained thirteen "sets" of "T's and Blues." Each "set" is a separate foil wrapped package containing one pentazocine (Talwin) pill and one pyribenzamine pill. Both are controlled substances and are commonly so packaged for "street use," where the pills are crushed into powder, mixed with water, and injected to produce a "heroin-like" high. After searching the rest of the apartment, police found in the bedroom an envelope addressed to defendant at 7705 W. Bruno, a business reply mail card with a return address of Chuckee Reynolds, 6204 Storey Court; and a checkbook with defendant's name on it with checks bearing the Storey Court address.

Nine days after the search of the apartment, a police officer arrested defendant for an unrelated charge. The officer testified that defendant gave his address as 7705 W. Bruno; defendant denied this at trial.

There was no testimony to the effect that defendant owned or rented the house. Several other people who were on the premises at the time of the search lived elsewhere. Sergeant John Kling of the Richmond Heights police had watched the house at 7705 W. Bruno for about a month prior to the search. He testified that he observed defendant coming in and out of the house on four or five occasions; however, he also observed other individuals coming and going as well.

Defendant testified that he lived at the Storey address and that a good friend of his, Terry Jones, lived at the Bruno address. He further stated that he, his brother, Lisa Williams, and two other women had been invited to Jones's house for dinner on the evening of the search. Defendant's mother testified that defendant lived with her at the Storey address; Lisa

Williams similarly testified that defendant lived on Storey and that Terry Jones lived on Bruno.

Defendant argues on appeal that the trial court erred in denying defendant's motion for judgment of acquittal, because there was insufficient evidence to prove that defendant knowingly and intentionally possessed the controlled substances. Defendant's basic contention is that there is insufficient evidence to show that defendant had actual possession of the drugs or that he had exclusive control of the premises where the controlled substances were found. We agree.

■ A conviction of possession of a controlled substance requires that the state prove defendant knowingly and intentionally possessed the proscribed substance. § 195.020, RSMo 1978. Actual or constructive possession must be shown, in addition to the fact that the defendant was aware of the presence and nature of the substances. *State v. Wiley*, 522 S.W.2d 281, 292 (Mo. banc 1975). If there is no proof of actual possession:

> 'constructive possession will suffice when other facts buttress an inference of defendant's knowledge of the presence of the controlled substance.' (Citation omitted.) Exclusive control of the premises on which controlled substances are found raises an inference of possession and control of those substances. (Citation omitted.) But if there is joint control of the premises, some further evidence is necessary to connect the accused with the drugs.

*State v. Barber*, 635 S.W.2d 342, 343–344 (Mo.1982).

■ In the instant case, there is no direct evidence that defendant had actual possession of the drugs. There was no testimony that he exercised any control over them. Thus, the more pertinent issue for purposes of determining if constructive possession exists is whether defendant had exclusive use or possession of the premises. See *State v. Lowe*, 574 S.W.2d 515, 518 (Mo.App.1978).

The state failed to produce evidence that defendant was either owner or lessee of the premises; the addresses shown on the checkbook and mail card indicated he was neither. If defendant were a guest in the residence on Bruno, his mere presence on property where drugs are discovered, absent proof of his exclusive use or possession of the premises, would be insufficient to sustain a conviction of possession of controlled substances. *Wiley*, supra, at 292.

Even if there were evidence from which the jury could have concluded that defendant was a joint tenant of the premises, the state is required to show additional incriminating facts " 'to buttress an inference of defendant's knowledge of the presence of the controlled substance.' " *Barber*, supra, at 343. This the state has failed to do. The drugs were found inside a bag within a bucket in a room to which four other persons had access. Cf. *State v. Zimpher*, 552 S.W.2d 345, 349 (Mo.App.1977). The only showing that the state has made is that defendant may have had joint control of the premises and defendant's " 'proximity to persons or locations with drugs about them.' " *State v. McGee*, 473 S.W.2d 686, 687 (Mo.1971). Cf. *State v. Jackson*, 576 S.W.2d 756, 757 (Mo.App.1979). Without evidence of corroborating, incriminating circumstances beyond joint control of the premises, we must conclude that there is insufficient evidence of constructive possession and, thus, no submissible case. Cf. *State v. Stewart*, 542 S.W.2d 533, 538 (Mo. App.1976).

Because reversal is premised on the insufficiency of the evidence, this case is not remanded for a new trial. *Barber*, supra, at 345.

The judgment of conviction is reversed; and, in accordance with *Barber*, supra, we remand and direct that the trial court enter a judgment of acquittal.

GAERTNER, P.J., and SMITH, J., concur.