**STATE of Missouri, Respondent,**

v.

**Dan Gilbert DAWSON, Appellant.**

**No. WD 35038.**

Missouri Court of Appeals,
Western District.

July 31, 1984.

Arthur S. Margulis and Richard J. Eisen, St. Louis, for appellant.

John Ashcroft, Atty. Gen., and Robert L. Swearingen, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P.J., and SOMERVILLE and KENNEDY, JJ.

KENNEDY, Judge.

Defendant appeals from a conviction upon jury trial of possession of over 35 grams of marijuana, § 195.020, RSMo Cum.Supp.1982, upon which he was sentenced to five years' imprisonment.

We reverse and remand for a new trial because of error in the admission of illegally seized evidence.

The facts are as follows:

Defendant and his wife resided in a two-story rural house which defendant leased from its owner, Bobby George Davis. On November 11, 1982, there was a small fire, described as a "flue fire", at the house. The local volunteer fire department responded. The fire was quickly brought under control, but the firemen determined, in the exercise of good fire fighting practice, to check the attic for fire that might have escaped from the flue. One of the volunteer firemen was Bryan Kunze, who was also a deputy sheriff of Howard County where the house was located. Searching for an entrance to the attic, Kunze, along with defendant Dawson and the owner of the house, and also some other firemen, went to the second floor. It was described by witnesses as "unlived in". Passing through one room, Kunze first smelled the distinctive odor of marijuana, then saw on the floor of a small adjacent room, the door of which was standing open, a quantity of marijuana plants, half-covered by a white blanket.

Kunze went to the fire truck parked outside the house and radioed Howard County Sheriff Yeager to come to the Dawson house. He then returned to the house and placed defendant under arrest. After Sheriff Yeager arrived at the house, Kunze placed the marijuana in a plastic garbage bag.

I

■ Defendant filed a motion to suppress this bag of marijuana. The motion was overruled and the marijuana was introduced into evidence. The court's overruling of this motion to suppress is assigned as error.

We hold the court did not err in overruling defendant's motion to suppress the marijuana seen and seized by Deputy Sheriff Kunze in the upstairs room. The seizure was not the product of an unlawful search. Deputy Sheriff Kunze was in a place where he had a right to be when he saw and recognized the marijuana. *Washington v. Chrisman*, 455 U.S. 1, 102 S.Ct.

812, 816, 70 L.Ed.2d 778 (1982); *Coolidge v. New Hampshire,* 403 U.S. 443, 465–68, 91 S.Ct. 2022, 2037–2039, 29 L.Ed.2d 564 (1971). He was there in response to an emergency. *State v. Epperson,* 571 S.W.2d 260, 263–65 (Mo. banc 1978), cert. denied, 442 U.S. 909, 99 S.Ct. 2820, 61 L.Ed.2d 274 (1979); *State v. Harris,* 639 S.W.2d 122, 124 (Mo.App.1982); *Michigan v. Tyler,* 436 U.S. 499, 509–10, 98 S.Ct. 1942, 1949–1950, 56 L.Ed.2d 486 (1978). See also *Steigler v. Anderson,* 496 F.2d 793, 795–96 (3d Cir.1974), cert. denied, 419 U.S. 1002, 95 S.Ct. 320, 42 L.Ed.2d 277 (1974); *U.S. v. Green,* 474 F.2d 1385 (5th Cir.1973), cert. denied, 414 U.S. 829, 94 S.Ct. 55, 38 L.Ed.2d 63 (1973). In searching the upstairs for an entrance to the attic—to which we may add that he was conducted by defendant—he was only following accepted fire fighting practice. Once there, and lawfully and rightfully there, he saw the contraband in plain view. *State v. Harris,* 639 S.W.2d at 124. His discovery of it was inadvertent; he had not come for the purpose of searching for marijuana, and had no reason to suspect marijuana was there. *Coolidge v. New Hampshire,* 403 U.S. at 469–70, 91 S.Ct. at 2040. In such cases, warrantless seizures of contraband are always upheld as against a Fourth Amendment claim of unreasonable search and seizure.

Defendant Dawson spotlights the circumstance that Deputy Sheriff Kunze was acting as a volunteer fireman when he discovered the marijuana; that he left the house to radio the sheriff; and that he then reentered in his role as deputy sheriff and placed defendant under arrest. Defendant says that when Kunze entered the second time, he was in the same status as if he had never been inside and he had come to place defendant under arrest without a warrant. His arrest of defendant without an arrest warrant was invalid, defendant argues, and did not justify the seizure of the contraband within, citing *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980).

We do not think, however, that Kunze's momentary absence from the house for the purpose of calling Sheriff Yeager so interrupted the sequence of events as to sever the first entrance of the house from the second. They were both a part of a single continuous transaction. We take it, at the time of Kunze's return to the house to arrest defendant Dawson, that there were still other firemen on the premises, freely going in and out of the house as they wound up their task. There are a number of cases, many involving longer absences by the officers after the initial entrance into the house and the discovery of the contraband or evidence of crime, which hold that the officers did not thereby lose the powers of arrest and seizure which they would have had if they had never left the house and had made the arrest or seizure immediately upon discovering the contraband or the evidence of the crime. See, e.g., *State v. Pruitt,* 646 S.W.2d 369, 371 (Mo.App.1982); *State v. Reggins,* 645 S.W.2d 113, 116 (Mo.App.1982); *State v. Achter,* 512 S.W.2d 894, 905 (Mo.App.1974).

We hold that the court was not in error in refusing to suppress the marijuana taken from the upstairs by Deputy Sheriff Kunze.

II

■ At the time of Sheriff Yeager's arrival Deputy Sheriff Kunze had defendant under arrest upstairs. After Sheriff Yeager arrived—which was about 10 minutes after he was called—he kept defendant Dawson under surveillance upstairs while Deputy Sheriff Kunze bagged the upstairs marijuana.

They all went downstairs. Defendant Dawson and his wife stayed in what was described as the living room of the house. It is not clear whether he was under the immediate surveillance of another officer, whether he was in any kind of restraint or what his exact situation was. There seems to be no question, however, that he was under arrest. In any case, Sheriff Yeager and Deputy Sheriff Kunze then conducted what was apparently a fairly thorough search of the downstairs part of the house.

In a clothes closet off the bedroom, which contained men's and women's clothing, Sheriff Yeager discovered a cardboard box. The cardboard box was on the top shelf of the closet. It was closed. He got it down and opened it. It contained bags of marijuana, a total of 216 grams.

A motion to suppress the contents of the cardboard box was overruled and it was introduced in evidence. The overruling of this motion to suppress is charged by appellant to be error.

In this contention, defendant is correct and the attorney general so concedes. The contraband was secreted. It was not in plain view. Defendant was under arrest; there was no chance of his destroying the contraband. There was no opportunity for him to seize a weapon from the bedroom closet. There was no exigency that would have prevented securing a search warrant. The case of *State v. Rogers*, 573 S.W.2d 710 (Mo.App.1978), clearly rules the warrantless search and seizure of the box of marijuana in the closet violated the Fourth Amendment and Article I, Section 15 of the Missouri Constitution. *Id.* at 716–17. See also *Chimel v. California*, 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969). The evidence should have been suppressed.

The state says, though, that the error was harmless—that there was sufficient evidence for defendant's conviction in the marijuana found upstairs, which was properly in evidence, and the addition of the closet marijuana did not prejudice defendant. The quantity found upstairs was 524 grams. The amount found in the closet and erroneously admitted was 216 grams.

■ We cannot agree with the attorney general that the admission of the additional quantity of marijuana was clearly harmless—and in order for us to hold the error in the admission of evidence to be harmless, we must find it to have been clearly so. *State v. Degraffenreid*, 477 S.W.2d 57, 64 (Mo. banc 1972); *State v. Garrett*, 564 S.W.2d 347, 348–49 (Mo.App. 1978). The possession of marijuana packaged in bags in a box, located in his bed-

room clothes closet, clearly shows defendant's knowledge of the character of the plants found in the unlived-in upstairs. Defendant's knowledge of their character was a necessary part of the state's case, *State v. Diercks*, No. WD 34650, 674 S.W.2d 72, 78 (Mo.App.1984) ("It was the bag of dried marijuana that was admissible to show inferentially that defendant was not ignorant of marijuana."); *State v. Reynolds*, 669 S.W.2d 582, 584 (Mo.App.1984); *State v. Netzer*, 579 S.W.2d 170, 176 (Mo.App.1979); *State v. Polk*, 529 S.W.2d 490, 492 (Mo. App.1975), and the possession of the processed product would make it clear to the jury, if they had doubt of it, that defendant had notice of the character of the plants in unprocessed form lying on the floor upstairs. *State v. Diercks*, supra. It might even be the case that the jury's verdict was based wholly upon the downstairs closet marijuana and that they never reached the upstairs weed in their deliberations.

■ Defendant challenges the submissibility of the case against defendant. That contention is based upon his contention that all the marijuana was unlawfully seized and ought to have been suppressed. However, we have held that the upstairs marijuana was properly seized and properly admitted into evidence. It is sufficient to make a submissible case against the defendant as against that contention and he is not entitled to a discharge.

Defendant says that the state's evidence was against one Dan Gilbert Dawson as the defendant, but never was the man seated in the courtroom specifically identified by any witness as Dan Gilbert Dawson. This minor omission need not be repeated in another trial.

Judgment reversed and cause remanded for new trial.

All concur.