STATE of Missouri,
Plaintiff-Respondent,

v.

Harold Count JOHNSON,
Defendant-Appellant.

No. 67301.

Supreme Court of Missouri,
En Banc.

Feb. 18, 1986.

Rehearing Denied March 25, 1986.

John Putzel, Office of the Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Christine Szaj, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

BLACKMAR, Judge.

The defendant was charged by information with possession of heroin, a Schedule I controlled substance, and, following a verdict of guilty, was sentenced as a prior and persistent offender to a term of fifteen years. The Missouri Court of Appeals, Eastern District reversed. We granted transfer and, taking the case as on original appeal, now affirm the judgment of the circuit court.

The only point briefed and argued by the appellant is that of submissibility. No complaint is made, specifically, about the jury instructions or about the form of the verdict. The evidence, of course, is considered most favorably to the state.

About 4:30 P.M. on January 26, 1982, members of the St. Louis Metropolitan Police Department executed a search warrant at an apartment in the City of St. Louis. As the officers were mounting the stairs someone opened the door of the target apartment and then slammed it shut, shouting "the police are outside, it's a bust." [1] The officers, apparently large men but agile and speedy, kicked down the iron gate and door and entered the apartment. Detectives Allen and Thomure ran immediately to the bathroom and entered, where they found the defendant in the process of flushing the toilet. Officer Allen reached into the toilet and retrieved two or three foil packets, later found to contain heroin. [2]

---

1. Testimony of Detective Robert Thomure.

2. Detective Thomure testified, in pertinent part, as follows:
   Q. [By Mr. Hoag, counsel for the state] What did you do after gaining entry?
   A. [By Detective Thomure] Myself along with Michael Allen ran to the south of the apartment to the bathroom.
   Q. Okay. How would you have to go in the apartment itself, through any rooms?
   A. You go through the living room then to the west and make a left, turn and head south through the apartment.
   *     *     *     *     *     *

Q. Okay. Now what, if anything, happened at that time as you and Detective Allen went to the bathroom?
A. Detective Allen entered the bathroom at which time he observed Harold Johnson.
MR. BELL [counsel for defendant]: Objection.
THE COURT: Sustained. He may not testify to what someone else did.
WITNESS: I observed Michael Allen to approach Mr. Johnson who was flushing the toilet and I observed the toilet bowl.
Q. (By Mr. Hoag): What, if anything, did you observe him to remove from the toilet bowl?

The defendant was not the owner or lessee of the apartment. At least six adults, including the renters of the premises, and two children, were in the apartment at the time. Other controlled substances were found in the apartment.[3]

The circumstances shown by the evidence are clearly adequate to show that the defendant had knowing and exclusive possession of the heroin packets found in the toilet, and knew that they contained a controlled substance. Even though the officers did not see him throw the packets into the toilet, he was alone in the bathroom and the jury could have found that he had thrown them in. The officers entered as he was flushing the toilet and nobody else was in the bathroom. The jury could also have found that he had heard the alarm about the "bust," and was intentionally trying to dispose of a substance which he knew to be illegal. Even if he gathered the packets after he heard the alarm and proceeded immediately to the bathroom, his brief possession was sufficient to support the conviction.

The circumstances are consistent with guilt. The jury could certainly consider defense counsel's suggestion that somebody else placed the packets in the toilet, after which the defendant merely flushed it, far fetched. The speedy attempt to dispose of the packets, following the warning of the impending bust, is highly probative of guilty knowledge.

*State v. Bryson*, 506 S.W.2d 358 (Mo. 1974) and *State v. Stavricos*, 506 S.W.2d 51 (Mo.App.1974) support our conclusion. *State v. Reynolds*, 669 S.W.2d 582 (Mo. App.1984) and *State v. Barber*, 635 S.W.2d 342 (Mo.1982) are distinguishable because the state in each case failed to establish exclusive possession in the defendant. *State v. Moore*, 659 S.W.2d 252 (Mo.App. 1983) involved only "unconscious proximi-

ty" to controlled substances, whereas in this case the jury could have concluded, from the defendant's attempt to flush the toilet, that he had the packets in hand and knew that they contained contraband.

The judgment is affirmed.

HIGGINS, C.J., BILLINGS, DONNELLY, WELLIVER, RENDLEN, JJ., and FINCH, Senior Judge, concur.

ROBERTSON, J., not sitting.

A. Two tin foil packets.
Q. What did you see him do with them?
A. He gave them to me.

**3.** Evidence was presented which would allow the jury to believe that darvon and quinine were found in the apartment. Detective Thomure testified that both were cutting agents which

could be used with heroin. Needles and syringes were found in the kitchen, the room adjacent to the bathroom. From this evidence, the jury could reasonably infer that the defendant knew of the drugs in the apartment, including the contents of the tin foil packets.