**STATE of Missouri, Plaintiff–Respondent,**

v.

**Troy Lee COLLINS, Defendant–Appellant.**

No. 17180.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 29, 1991.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Cenobio Lozano, Jr., Scott K. Friedrich, Harrisonville, for defendant-appellant.

MAUS, Judge.

The defendant was charged with manufacturing marijuana in violation of § 195.-020 RSMo 1986 (now repealed). The charge was tried to the court. The trial court found the defendant guilty of the felony of manufacturing marijuana and sentenced him to imprisonment for five years. The defendant's only point on appeal is that the evidence was insufficient to support the conviction.

It is trite, but appropriate, to state the standards for the consideration of that point.

"In determining the sufficiency of the evidence to support the trial court's findings on the issue of guilt or innocence, we accept as true all evidence tending to prove appellant's guilt, together with inferences favorable to the State that can be reasonably drawn therefrom, and we disregard all contrary evidence and inferences. *State v. Giffin,* 640 S.W.2d 128, 130[2] (Mo.1982). If there is substantial evidence to support the trial court's findings, its judgment is to be affirmed. *Id.* 130[1]." *State v. Brown,* 665 S.W.2d 945, 948 (Mo.App.1984).

"Conflicts in the evidence, the determination of the credibility of the witnesses and the weight to be given their testimony are within the province of the trier of fact." *State v. Hitchcock,* 676 S.W.2d 538, 540 (Mo.App.1984).

The following is a synopsis of the evidence viewed in accordance with the foregoing standards. Cooperating with the sheriff of St. Clair County, agents of the Missouri Department of Conservation, commencing in June of 1989, kept seven patches of marijuana near Lake Stockton under surveillance. The patches were located on land belonging to the Corps of Engineers but leased to the Missouri Department of Conservation for management purposes. During the surveillance of these patches, agents saw evidence of fresh fertilization and culling, a process normal in the raising of marijuana plants.

On August 23, 1989, at about 11:00 a.m., conservation agent Donald T. Ruzicka saw a boat coming downstream with three people. The three people were the defendant, his wife and son. The defendant got out of the boat, crossed a bean field, and walked into one of the patches of marijuana. Agent Ruzicka could see only patches one and two. The defendant walked out of Ruzicka's vision in the direction of the other patches. He came back in about 20 minutes. When the defendant came back to patch two, agent Ruzicka saw him reach up into the brush, pull something down, make cutting motions and then bend down toward the marijuana plants. The defendant also broke some horseweeds in patch two. After 10 minutes, the defendant entered patch one. There, agent Ruzicka saw him prop up several marijuana plants and remove more horseweeds. Ruzicka took photographs of the defendant in the course of these activities. Agent Ruzicka arrested the defendant.

Another conservation agent, Terry Daughtrey, arrested the two people who had remained in the boat. Agent Ruzicka brought the defendant back to the boat. The defendant asked agent Daughtrey to get his shirt from underneath the console of the boat. Agent Daughtrey found an open duffle bag under the console which contained three plastic bags. One of the plastic bags contained dried marijuana.

The defendant's point is stated in the following terms. The state failed to make a submissible case that he "caused marijuana plants to have vegetal life or encouraged and promoted their growth, with an awareness of the character of the controlled substance". He cites the definition of "cultivation" found in *State v. Netzer*, 579 S.W.2d 170 (Mo.App.1979). He then argues that "[t]he offense of growing marijuana consists of two elements: causing marijuana plants to have vegetal life and to encourage and promote their growth, with an awareness of the character of the controlled substance, but such elements as the offense of growing marijuana do not include all acts which might institute the 'manufacture' of marijuana", citing *State v. Franks*, 688 S.W.2d 787 (Mo.App.1985). He then argues there is no evidence the defendant planted the marijuana plants or that he fertilized, mulched or handled them. Additionally, he says no marijuana was found on the defendant's person. Defendant also contends that this is a circumstantial evidence case and such evidence does not exclude every reasonable hypothesis of the defendant's innocence.

The state argues that an accepted meaning of the word "cultivate" is " 'to prepare for the raising of crops; ... till ... to protect and encourage growth.' " *Netzer*, 579 S.W.2d at 175. (Omission in original.) The state then emphasizes the evidence that the defendant rather meticulously tended the marijuana by propping them up and by breaking horseweeds to encourage the growth of the plants. The acts, emphasized by the state, obviously could also be found to protect and encourage growth of the marijuana plants. The same acts could also be found to establish the defendant's knowledge of the character of the plants.

Indeed, it would be difficult to believe that the defendant got out of a boat, walked into patches of marijuana, pared sticks, and then propped up plants of an unknown variety. The bag of marijuana found in his boat "would make it clear to the jury, if they had doubt of it, that defendant had notice of the character of the plants in unprocessed form". *State v. Dawson*, 675 S.W.2d 127, 130 (Mo.App.1984).

The activities of the defendant, observed and photographed by agent Ruzicka, provide ample basis from which the trial court could reasonably conclude that the defendant was cultivating marijuana with knowledge of the character of the plants. *State v. Fullerton*, 684 S.W.2d 59 (Mo.App.1984). The judgment of the trial court is affirmed.

FLANIGAN, C.J., and SHRUM, P.J., concur.