STATE of Missouri, Respondent,

v.

Everett BOYD, Appellant.

No. ED 78631.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 20, 2001.

Mary S. Choi, Assistant Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Dora A. Fichter, Assistant Attorney General, Jefferson City, MO, for respondent.

RICHARD B. TEITELMAN, Judge.

Everett Boyd ("Defendant") appeals the judgment entered after a jury found him guilty of two counts of statutory sodomy in the first degree (Counts I and II) in violation of section 566.062 RSMo 1994, and one count of child molestation in the first degree (Count III) in violation of section 566.067 RSMo 1994. Defendant was sentenced to two concurrent terms of life imprisonment for Counts I and II, and a concurrent term of seven years' imprisonment for Count III. We affirm in part and reverse in part.

With respect to Counts I and II, the State proved at trial that Defendant was

guilty as charged of two separate acts of statutory sodomy, in that he placed his genitals in the eight-year-old victim's mouth and anus. With respect to the Count III charge of child molestation, the State alleged that Defendant was guilty of a separate act of causing the victim to manually touch Defendant's genitals. Sufficiency of evidence is not in dispute as to Counts I and II. In his sole point on appeal, however, Defendant contends the evidence was insufficient to support his conviction as to Count III. We agree.

When assessing a challenge to sufficiency of the evidence, we view the evidence and all reasonable inferences in a light most favorable to the verdict and limit review to determining whether there is sufficient evidence from which a reasonable juror could find a defendant guilty beyond a reasonable doubt. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993). Here, as the State candidly concedes in its brief and as our review of the record confirms, there was no direct evidence offered at trial that the victim manually touched Defendant's genitals, nor was there any evidence to support an inference that such a touching may have occurred other than the fact that the victim had to perform oral sex on Defendant. As the State acknowledges, that fact is not sufficient to establish beyond a reasonable doubt that by doing so the victim must have touched Defendant's genitals. See *State v. Sexton*, 929 S.W.2d 909, 917 (Mo. App. W.D.1996). The trial court thus erred in denying Defendant's motion for judgment of acquittal as to the Count III charge of child molestation in the first degree, and in submitting that charge to the jury. Further, since reversal of this conviction is grounded solely on insufficiency of the evidence, we do not remand for a new trial. *State v. Reynolds*, 669 S.W.2d 582, 584 (Mo.App. E.D.1984).

Accordingly, as to the two counts of statutory sodomy, the convictions and sentences are affirmed. As to the Count III charge of child molestation in the first degree, Defendant's conviction is reversed, and we hereby remand to the trial court for entry of a judgment of acquittal and order that Defendant be discharged from that conviction.

GARY M. GAERTNER, SR., J. and CLIFFORD H. AHRENS. J. concur.