STATE of Missouri, Respondent,

v.

Albert PATTERSON, Appellant.

No. 15111.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 11, 1987.

Kathleen Murphy Markie, Columbia, for appellant.

William L. Webster, Atty. Gen., L. Timothy Wilson, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Judge.

Defendant Albert Lee Patterson was convicted by a jury of burglary in the first degree. Pursuant to a finding that Patterson was a prior offender, the court entered judgment sentencing him to twelve years in the Department of Corrections. From that judgment, Patterson appeals. We affirm.

Sometime after 9:00 p.m. on February 13, 1986, Elbert and Laura Webb were awakened by a loud noise. Following a second loud noise, they heard someone enter the bathroom. Mrs. Webb assumed one of her two young children had gotten up to use the bathroom, but had no idea why the child should be making the excessive noise. While sitting up in bed, Mrs. Webb saw her bedroom door open and observed Patterson standing at the door. As soon as Patterson saw Mrs. Webb, he turned and fled. Mr. Webb, after obtaining a gun, pursued Patterson down the hall and out of the house. Mrs. Webb called the police.

When the police arrived, they found that the back door of the Webb home had apparently been kicked in. The door was metal with a wood frame. The wood frame was broken and the locking mechanism was lying on the kitchen floor. The officer called to investigate the burglary found footprints in the snow leading from the back door of the Webb residence to Lee Street. Since the snow had been removed from the street, the officer was unable to follow the footprints further.

At trial, Laura Webb was able to identify Patterson. He had dated her sister some years prior to the incident and resided on Lee Street, near the Webb residence.

■ Defendant's first point on appeal is that the State's evidence was insufficient to support a charge of first degree burglary because of the paucity of evidence showing defendant had entered the Webb home for the purpose of committing the crime of stealing. § 569.160, RSMo 1986. Patterson argues that there was only circumstantial evidence of intent to steal.

In determining if the evidence presented was sufficient to sustain a conviction, we do not weigh the evidence but accept as true all the evidence and reasonable inferences which support the verdict; from such evidence we determine whether a reasonable person could have found the defendant guilty. *State v. Brooks*, 618 S.W.2d 22, 23 (Mo. banc 1981); *State v. McCuin*, 731 S.W.2d 305, 307 (Mo.App.1987). In reviewing criminal convictions, the evidence is viewed in a light most favorable to the State giving the State the benefit of all reasonable inferences and ignoring evidence and inferences not supportive of the verdict. *State v. Guinan*, 665 S.W.2d 325, 327 (Mo. banc 1984), *cert. denied*, 469 U.S. 873, 105 S.Ct. 227, 83 L.Ed.2d 156 (1984); *State v. Welty*, 729 S.W.2d 594, 596 (Mo. App.1987).

The courts of this state have uniformly held that intent to steal may be established by circumstantial evidence, and unlawful entry into a building containing items of value is sufficient to demonstrate an intent to steal. *State v. McNair*, 719 S.W.2d 113, 114 (Mo.App.1986); *State v. McBurnett*, 694 S.W.2d 769, 773 (Mo.App.1985); *State v. Tolson*, 630 S.W.2d 611, 612–613 (Mo. App.1982). Defendant's presence at the crime scene and his flight therefrom was a relevant circumstance on the issue of his intent to commit a crime. *State v. Berryhill*, 673 S.W.2d 444, 445 (Mo.App.1982). We hold that the evidence of intent to steal was sufficient to support the charge of burglary in the first degree.

Patterson's second point is that the trial court should have sustained his Motion to Dismiss because he was denied a speedy trial under the Sixth and Fourteenth Amendments of the United States Constitution, Article I, § 18(a) of the Missouri Constitution, and § 545.780, RSMo 1986. He contends the nine month delay from the time of his arrest to the time of his trial is "presumptively prejudicial," citing *State v. Holmes*, 643 S.W.2d 282, 287 (Mo.App. 1982).

When a claim is made that the right to speedy trial has been infringed, courts apply a sensitive and difficult ad hoc bal-

ancing process in which the following factors are considered; (1) length of delay, (2) reason for delay, (3) defendant's assertion of his rights, and (4) prejudice to the defendant by the delay in bringing him to trial. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

If the length of the delay is not significant, we need not give further consideration to defendant's claim of denial of speedy trial. A delay of more than eight months may be sufficient to give rise to a "presumption of prejudice," which triggers application of the *Barker* analysis but is not per se prejudicial. *State v. Bolin*, 643 S.W.2d 806, 814 (Mo. banc 1983). Contrary to Patterson's suggestion, this court adheres to its prior holding that a prosecution need not be automatically terminated because trial was delayed beyond a specific number of months or days in a particular type case. Much longer delays in trial of burglary cases have been tolerated. *State ex rel. Wickline v. Casteel*, 729 S.W.2d 56, 59 (Mo.App.1987). A delay from arrest to trial of just over nine months weighs only marginally in favor of Patterson's claim of denial of speedy trial.

Patterson was arrested on February 17, 1986, and appeared before the Associate Circuit Judge two days later. After giving Patterson an opportunity to seek legal counsel, the case was scheduled for preliminary hearing on March 26. Following the March 26 preliminary hearing, he was ordered to appear before the Circuit Court on April 1. On March 28, 1986, Patterson filed a Motion for Speedy Trial. On March 31, the State filed its Information. On April 1, the defendant was arraigned. Following a plea of not guilty, the case was set for trial on May 16. Sometime between April 1 and May 16, pursuant to a commitment order in another case, Patterson was transferred to the custody of the Department of Corrections. The State failed to obtain his attendance for trial, and the case of necessity was continued. Nothing in the record indicates any objection was made to this continuance. The case was rescheduled for August 20, 1986. The second trial setting was continued at the request of Patterson because his original attorney had by that time left the office of the Public Defender, and his new attorney needed time to prepare for trial. The case was rescheduled and trial was held on November 21, 1986.

In considering the reason for the delay from February to August, only part of the period was attributable to the State. The delay from the time of arrest until preliminary hearing was primarily for Patterson's benefit to obtain counsel and permit counsel to become familiar with the case. This delay of forty days cannot be attributed to a lack of diligence by the State. The delay from May until August was the State's fault. While the State's oversight in failing to obtain Patterson's attendance for the May 16 trial is certainly not commendable, nothing in the record implies that the State's conduct was more than mere negligence. If a delay is due to bad faith or a deliberate delay designed to hamper the defense, this weighs more heavily against the State. *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117; *State v. Bolin, supra*. Patterson sought the second continuance from August until November in order for his newly appointed attorney to prepare for trial. This portion of the delay cannot be charged to the State. On balance, the reason for the delay was equally attributable to the State and the defendant.

The third factor to be weighed is whether Patterson asserted his right to a speedy trial. Although he filed a Motion for Speedy Trial two days prior to his arraignment, he made no objection to the first continuance, was granted a second continuance, and sought a third continuance which was denied. His conduct does not bespeak an assertion of a right to a speedy trial.

The fourth and most significant factor is whether Patterson was actually prejudiced by the delay. He argues that because the trial was continued from May until August, certain witnesses were no longer available or had forgotten that they were with the defendant on the night of February 13, 1986. At the hearing on the Motion to Dismiss, there was absolutely no evidence that those witnesses would have been available for the May trial or that they were subpoenaed for that trial date. In addition, there was no evidence at that hearing that

any witnesses were interviewed about their recollections until just prior to November 21, 1986. The witnesses at the motion hearing speculated that they might have remembered whether they were with the defendant on the night of the burglary had they been asked a short time thereafter; but as of November of 1986, they could not remember where they were on February 13, 1986. There was no evidence that their testimony would have been helpful to Patterson had they testified in May or on any other date. The prejudice resulting from a delay of trial to require a reversal must be actual prejudice on the record and not speculative or possible prejudice. *State v. Buckles*, 636 S.W.2d 914, 920 (Mo. banc 1982).

On balance, we conclude defendant was not denied his right to a speedy trial.

█ Patterson's final point is that the trial court improperly failed to sustain his application for a continuance made on the morning of trial. For the first time on appeal, Patterson alleges that the reason the continuance was requested was that his attorney did not have adequate time to prepare for trial. The reason for requesting the continuance, as presented in the application to the trial court, was because of the unavailability of witnesses. The record and the brief filed with this court reflect that Patterson's trial counsel had been representing him from about the time of the August continuance until the trial date on November 21, 1986; that the attorney had written two letters to Patterson, one introducing herself and another asking him for the names and addresses of witnesses. Although Patterson had access to a telephone at the penitentiary, he apparently had not responded to either of these letters. His first meeting with his attorney was four days before trial, at which time he asked the attorney, who was from the Public Defender's office, to withdraw so that he could hire private counsel. At the hearing on the application for continuance, there was nothing to indicate that Patterson had informed either of his attorneys of his possible alibi defense until four days prior to trial.

The decision as to whether an application for a continuance should be granted is within the broad discretion of the trial court, and that court's ruling will not be disturbed unless it appears that the trial court acted capriciously or oppressively. *State v. Nave*, 694 S.W.2d 729, 735 (Mo. banc 1985), *cert. denied*, 475 U.S. 1098, 106 S.Ct. 1500, 89 L.Ed.2d 901 (1986); *State v. Pollock*, 735 S.W.2d 179, 181 (Mo.App. 1987). Here the application for continuance was not accompanied by an affidavit setting forth the facts upon which the application was based. Rule 24.09.[1] That fact alone would be sufficient to support the court in denying the application for continuance. *State v. Stout*, 675 S.W.2d 931, 935 (Mo.App.1984). The application alleged there were two named witnesses, one of whom was an alibi witness. However, the application failed to allege what particular facts either of these witnesses would prove or what, if anything, had been done to obtain the attendance of the witnesses or their testimony. Rule 24.10. Neither the application for a continuance nor the evidence in support of the application suggests that counsel did not have an opportunity to prepare for trial. The failure to allege or prove diligence in seeking the attendance of the witnesses, failure to show what particular facts would be testified to by such witnesses, lack of responsiveness by Patterson to his attorney's letter seeking the names of witnesses, and the fact the application for a continuance unsupported by any affidavit was filed on the morning of trial demonstrate that there was no abuse of discretion in the denial of the continuance. See *State v. McCoy*, 725 S.W.2d 913, 914–915 (Mo.App.1987).

The judgment of the trial court is affirmed.

CROW, C.J., and GREENE, P.J., concur.

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.