**STATE of Missouri, Plaintiff-Respondent,**

v.

**Stephen C. CORUJO, Defendant-Appellant.**

**No. 52921.**

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 15, 1987.

Rehearing Denied Feb. 11, 1988.

---

Robert L. Fleming, Columbia, for defendant-appellant.

Craig V. Evans, Paris, for plaintiff-respondent.

PUDLOWSKI, Judge.

Defendant appeals from a misdemeanor conviction for assault in the third degree in a court tried case. Section 565.070.1(4), RSMo 1986, provides that "[a] person com-mits the crime of assault in the third degree if ... [h]e recklessly engages in conduct which creates a grave risk of death or serious physical injury to another person...." We affirm.

Defendant contends that the trial court erred in overruling his motion for acquittal at the close of the state's evidence and his related motion for a new trial. He argues that the state furnished insufficient evidence to prove his guilt beyond a reasonable doubt. Defendant was charged with creating a grave risk of death by drowning of the victim when he held the injured victim's head in the water of Mark Twain Lake so that the victim could not breathe.

We accord the decision of the trial court the same deference as a jury verdict and will affirm if supported by substantial evidence. *State v. Isom*, 660 S.W.2d 739, 740 (Mo.App.1983). To determine the sufficiency of the evidence supporting the state's charges, an appellate court must accept as true all the evidence which tends to prove the defendant's guilt, and must indulge in all reasonable inferences favorable to the state. *State v. Chase*, 444 S.W.2d 398, 401 (Mo. banc 1969); *State v. McCuin*, 731 S.W.2d 305, 307 (Mo.App.1987).

Viewed accordingly, the evidence indicates that the defendant, his girlfriend and the victim had spent several hours boating and drinking on Mark Twain Lake on August 19, 1986. While out on the lake, the trio became involved in a disagreement which led to their return to the dock area in smoldering silence. There is conflicting testimony as to whether the defendant or the victim was the initiator of the physical violence that developed after the men alighted from the boat. Nevertheless, it is clear that at some point in the ensuing brawl, the victim struck the defendant on the back of the head with a liquor bottle, and the defendant ended up standing in waist deep water while the victim stood above him on the dock. At this point the defendant jumped out of the water, tackled the victim and caused them both to fall into the shallow water on the other side of the

dock. When they landed, the victim's elbow struck a rock causing the bone to break. The combatants rolled around in the water, and at some point, the defendant held the victim's head under the water for several seconds.

Defendant's argument is based on the premise that the evidence in the state's case is entirely circumstantial. Circumstantial evidence is not based on personal knowledge or observation of the fact in controversy, but rather it goes to prove the existence of a separate fact which gives rise to a logical inference that the fact in controversy exists. *State v. Lasley,* 583 S.W.2d 511, 516 (Mo. banc 1979). On the other hand, direct evidence is evidence which, if believed, proves the existence of the fact in controversy without inference or presumption. *Id.* The evidence presented to the trial court in this case was not wholly circumstantial as defendant contends. The testimony of the victim and his sister provided direct evidence of the elements of the crime charged; therefore, defendant's argument that the evidence was wholly circumstantial must fail. Inconsistencies in direct evidence are matters of credibility, and it is the task of the trial court to judge credibility and weigh evidence. *State v. Giffin,* 640 S.W.2d 128, 131 (Mo.1982); *State v. Carter,* 670 S.W.2d 104, 108 (Mo.App.1984).

Defendant's second argument is that the state failed to carry its burden of proving the absence of self-defense after the defendant injected the issue in its case in chief. The elements of self-defense are: (1) the absence of aggression or provocation by the defendant; (2) a necessity, real or apparent, for the defendant to employ deadly force to save himself from the immediate danger of serious bodily injury or death; and (3) a reasonable cause for such belief. *State v. Miller,* 653 S.W.2d 222, 224 (Mo.App.1983). "In addition, where defense of habitation is not involved, it must appear that the defendant did everything in his power, consistent with his own safety,

to avoid the danger and he must retreat if retreat is practicable." *Id.* The defendant testified that he could have waded through the water and up the launching ramp. Whether retreat is practicable and, therefore, a bar to the excuse of self-defense is a question of fact. *State v. Miller,* 653 S.W.2d at 225. We find that the trial court's determination that the assault was not justified when the defendant failed to retreat was supported by substantial evidence.

There was, therefore, sufficient competent evidence in the record to support the trial court's finding of guilt, and the conviction is affirmed.

STEPHAN, P.J., and DOWD, J., concur.