**Albert PATTERSON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16155.**

Missouri Court of Appeals, Southern District, Division One.

Oct. 23, 1989.

Motion for Rehearing or to Transfer to Supreme Court Denied Nov. 13, 1989.

Application to Transfer Denied Dec. 12, 1989.

of Albert Patterson to vacate his conviction, after jury trial, of the crime of first degree burglary for which crime Patterson, a prior offender by reason of two prior felony convictions, received a sentence of 12 years' imprisonment. We affirm.

After Patterson's conviction was affirmed by this court on direct appeal, *State v. Patterson*, 741 S.W.2d 298 (Mo.App. 1987), he filed a pro se motion to vacate his conviction, which motion, after amendment by court-appointed counsel, alleged that Patterson's trial counsel was ineffective because she failed to meet and counsel with Patterson until three days prior to trial, failed to make a reasonable effort to locate alibi witnesses for Patterson, and failed to file proper motion for a continuance so that Patterson would have additional time to locate alibi witnesses.

An evidentiary hearing was held on the allegations made in Patterson's motion, after which the motion court, as required by Rule 29.15(i), made written findings of fact and conclusions of law, and denied relief to Patterson.

In his appeal, Patterson's first point relied on is that his trial counsel was ineffective because she was not diligent in ascertaining from Patterson who his alibi witnesses were and, therefore, did not have enough time to contact them and properly prepare for trial.

In its findings, the motion court found, among other things, that Patterson's attorney had, prior to trial, made a diligent effort to contact every possible witness whose name had been given to her by Patterson, and to determine which witness had information that was relevant to Patterson's alibi defense. It further found that trial counsel was unable to locate all of the persons named by Patterson because Patterson had not given her sufficient information concerning their possible whereabouts, and that, for reason of trial strategy, decided not to use some of the possible witnesses she did locate because of their inability to substantiate Patterson's defense of alibi. It further found that Pat-

Barbara J. Martin, Kansas City, for movant-appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

This appeal is from the denial, after evidentiary hearing, of the Rule 29.15[1] motion

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

terson did not present any evidence at the evidentiary hearing to show how the failure to call as a witness any of the persons named by Patterson as possible alibi witnesses prejudiced Patterson since an alibi witness, Roy Lee Mitchell, did testify for Patterson. The motion court further found that Patterson's trial counsel was effective and that trial counsel exercised that degree of skill, care and diligence expected of a reasonably competent attorney under similar circumstances in representing Patterson.

All of these findings are supported by the record, and are not clearly erroneous. On November 6, 1986, Ms. Narrow wrote Patterson and told him that she had spoken with the prosecuting attorney, as Patterson had requested, and that he was not willing to talk about a plea bargain agreement. She further said that she had noticed in Patterson's file that he intended to rely on the defense of alibi but that she "[could] not find any explanation or names of witnesses. Please send me your witnesses' names and addresses immediately." Patterson completely ignored her request for the names and addresses of alibi witnesses. In mid-November, Patterson was returned to Scott County so that he could confer with his trial counsel prior to trial, and on November 17, 1986, gave his attorney's investigator a list of names of possible witnesses. Trial counsel met with Patterson and told him she was attempting to locate the named persons and determine if they had any information that would help Patterson. She also advised Patterson that a continuance might be granted, if requested, and asked him if he wanted one. Patterson indicated he did not, but directed the attorney to take up her motion to dismiss for lack of a speedy trial, which counsel did, and which motion was overruled. Defense counsel continued to attempt to locate favorable alibi witnesses and did locate Roy Lee Mitchell, who testified as an alibi witness. On the morning of trial, after his motion to dismiss had been overruled, Patterson changed his mind and directed counsel to seek a continuance so that an additional attempt could be made to locate alibi witnesses. She did so, but the application was denied and the case proceeded to trial.

Since counsel was given only scant notice of the existence of possible alibi witnesses, she cannot be convicted of ineffective assistance for not locating those witnesses and calling them to testify. *Henderson v. State*, 770 S.W.2d 422, 423 (Mo.App.1989); *Robinson v. State*, 643 S.W.2d 8, 10 (Mo. App.1982). The record indicates that in the four-day time frame that she had, Ms. Narrow contacted all of the persons named by Patterson that he had addresses for, and had determined that none of them, except Mitchell, whom she used as a witness, had knowledge of his whereabouts on the night of the crime. We do not know of anything else she could have reasonably done under the circumstances, which included the fact that Patterson did not choose to divulge to his own lawyers, until four days before trial, the names of his alibi witnesses. The motion court's findings and conclusions on this point of claimed error are supported by the record and are not clearly erroneous.

■ In his remaining point of claimed error, Patterson contends the motion court erred in finding that he was not denied effective assistance of counsel, as his trial counsel was ineffective in that she failed to attach an affidavit in support of her motion for continuance as required by Rule 24.09, and that Patterson was prejudiced thereby as "[t]he inclusion of the testimony by appellant's alibi witnesses would have caused a different result at trial."

■ This argument has several holes in it. In the first place, there is nothing in the record to show that the trial court even considered the fact that there was no affidavit accompanying the continuance application when it decided to overrule it, or that the addition of an affidavit to the application would have caused the trial judge to change his ruling. In addition, we point out that the question of whether the denial of Patterson's last minute request for a continuance was prejudicial to him was litigated before this court on direct appeal in *State v. Patterson*, supra, and decided adversely to him. Complaints di-

rected against trial court rulings in the direct appeal cannot be converted into viable theories of ineffective assistance of counsel in post-conviction proceedings involving the same subject matter, which in this case was the denial of the application for continuance by the trial court. *O'Neal v. State,* 766 S.W.2d 91, 93 (Mo. banc 1989).

We find no error in any finding of fact or conclusion of law made by the motion court. Its order denying Patterson's motion to vacate his conviction and sentence is affirmed.

CROW, P.J., and HOLSTEIN, Special Judge, concur.