STATE of Missouri, Respondent,

v.

John BARBER, Appellant. .

No. 62964.

Supreme Court of Missouri, Division No. 2.

July 6, 1982.

Claude Hanks, Creve Coeur, for appellant.

John Ashcroft, Atty. Gen., Douglas Lind, Asst. Atty. Gen., Jefferson City, for respondent.

SEILER, Judge.

John Barber was arrested, charged, and convicted of possession of controlled substances, Schedule II, in violation of § 195.-020, RSMo 1978. Punishment was assessed at five years confinement. The case is here on transfer on defendant's application following a dismissal of his appeal by the court of appeals, southern district. Our jurisdiction is pursuant to Mo. Const. art. V, § 10.

Defendant alleges three instances of error: 1) the state failed to make a submissible case for possession of controlled substances; 2) the warrantless search which procured the evidence violated defendant's fourth amendment rights; and 3) the evidence was insufficient to support the jury instructions pertaining to the possession of controlled substances. Because we find that the state did not make a submissible case for possession of controlled substances and reverse on this issue, we need not reach defendant's other two points.

In reviewing the record we accept as true all evidence tending to prove defendant guilty together with all reasonable inferences supportive of the verdict. *State v. Brooks*, 618 S.W.2d 22, 23 (Mo. banc 1981). Our function is not to weigh the evidence but to determine only whether there was sufficient evidence from which reasonable persons could have found defendant guilty as charged. *State v. Kelly*, 539 S.W.2d 106, 109 (Mo. banc 1976); *State v. Johnson*, 510 S.W.2d 485, 487 (Mo.App.1974).

To sustain a conviction for possession of a controlled substance under § 195.-020, the state must prove that the defendant knowingly and intentionally possessed the proscribed substance. To meet this burden, conscious, intentional possession, either actual or constructive, must be established. *State v. Burns*, 457 S.W.2d 721 (Mo.1970); *State v. Polk*, 529 S.W.2d 490 (Mo.App. 1975). The state must also show that the defendant was aware of the presence and nature of the substances in question. *State v. Wiley*, 522 S.W.2d 281, 292 (Mo. banc 1975). Both possession and knowledge may be proved by circumstantial evidence. If actual possession has not been shown, "constructive possession will suffice when other facts buttress an inference of defendant's knowledge of the presence of the controlled substance." *State v. West*, 559 S.W.2d 282, 284 (Mo.App.1977). Exclusive control of the premises on which controlled substances are found raises an inference of possession and control of those substances. *State v. Funk*, 490 S.W.2d 354, 360 (Mo.App.1973). But if there is joint control of the premises,

some further evidence is necessary to connect the accused with the drugs. *Id.* at 361. The presence of large quantities of a controlled substance *may* buttress such an inference *if* consistent with the totality of circumstances. *State v. Stewart*, 542 S.W.2d 533, 538 (Mo.App.1976).

On January 28, 1979 at approximately 4:40 a. m., several officers from the Poplar Bluff police department entered a residence at 512 Karen Drive in Poplar Bluff, owned by the city and rented by Donald Ray Ward. The purpose of the police was to arrest Elizabeth Bistow Ward, who was wanted by another authority. Officer Donwell Clark was the first policeman to enter the building. He stationed himself in the living room of the apartment. One group of officers entered with him and passed on to a bedroom hallway while a second group used a separate entrance. In one bedroom, the officers found Donald Ward, Carol Ward, and her child; in the bathroom, they discovered Arthur Cronister and his wife; and in another bedroom, they found defendant John Barber, his wife, and Gregory Dorsey. In this particular bedroom there were quantities of pills and capsules, estimated at over a thousand, stacked in individual piles on the floor by color, size, and type. By the time officer Clark, who testified about the drugs, made his way down the hall and entered this bedroom, the three occupants were against the wall, guarded by a police officer. Drugs were found in other rooms on the premises, but not in the same quantities as in this bedroom. All of the individuals at the residence were arrested and read their rights collectively.

At trial the state presented three witnesses. The police officer who first entered the room where defendant was present did not testify. Officer Clark testified that he did not observe defendant Barber with pills in his pocket or on his person. He had no knowledge of whether the defendant resided at 512 Karen or how long he had been on the premises. The second witness was officer Alexander, the Poplar Bluff narcotics officer, who testified that when he entered the bedroom he had an unobstructed view of the capsules on the floor. Officer Clark

and a second unidentified officer were already there. He also had no knowledge of whether defendant had had the pills in his pocket, or anywhere else on his person. He did not know if defendant had anything to do with sorting the drugs. The third witness was Dr. Robert Briner, Director of the Southeast Missouri Regional Crime Laboratory at Cape Girardeau, who testified that all of the pills and capsules seized that night contained controlled substances identified on Schedule II.

At the close of the state's evidence, defendant moved for a directed verdict. That motion was denied and the case was sent to the jury.

■ We conclude that the facts in evidence do not support a conviction for possession and control of a controlled substance. There was no direct evidence in this case that the defendant had actual possession of the drugs. Neither officer Clark nor officer Alexander could testify that any of the capsules were found on defendant's person or that defendant had been observed exercising any sort of control over them and the officer who preceded them into the room did not testify. Nor is the circumstantial evidence sufficient. Large quantities of drugs were found on the premises. Most were located in the same bedroom with defendant. The state's evidence established, however, that defendant did *not* have exclusive use or possession of the premises. Seven other adults were found at the time of the arrest. The residence was owned by the city of Poplar Bluff and rented by Donald Ray Ward. There was no evidence to establish that defendant had regular use, whether exclusive or joint, of the bedroom or any other part of the residence. There was no evidence concerning how long he had been in the room or on the premises. Finally, there was no evidence as to how long the drugs had been there. The state established only that the defendant was discovered in a room with large quantities of controlled substances. "[T]he mere fact that an accused is present on the premises where con-

trolled substances are found does not, without a showing of exclusive use or possession of the premises, make a submissible case." *State v. Wiley, supra,* 522 S.W.2d at 292.

As reversal is premised solely on the insufficiency of the evidence, this case is not remanded to the trial court for a new trial. The double jeopardy clause of the United States constitution precludes a second trial after a reversal based solely on the insufficiency of evidence. *State v. Wood,* 596 S.W.2d 394 (Mo. banc 1980); *State v. Basham,* 568 S.W.2d 518 (Mo. banc 1978). We therefore reverse and order the trial court to enter a judgment of acquittal.

WELLIVER, P.J., concurs.

HIGGINS, J., dissents.