STATE of Missouri, Respondent,

v.

Troy BROWN, Appellant.

No. 48478.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 18, 1984.

Debra Buie Arnold, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Chief Judge.

Defendant appeals his jury conviction and court-imposed five month sentence as a prior offender for possession of dextroamphetamine, a Schedule II controlled substance. We reverse.

The state's evidence consisted of a container of pills, the testimony of two police officers, and the testimony of a criminalist who identified the substance in the pills.

The police officers testified as follows:

Shortly before noon on June 13, 1983, the two officers were on duty together and stopped a vehicle driven by defendant because the windshield was cracked, in violation of a city ordinance. As defendant curbed his vehicle, the officers saw him "leaning over on the passenger side as if to retrieve something or place something on the floor." The officers became suspicious and ordered defendant to step from the car, which defendant did. One of the officers then asked permission to search the car, and defendant readily agreed. Upon entering the car, the officer observed an open plastic bottle in a tray which sat on the "hump" of the floorboard between the driver's side and the passenger side. In the bottle were several small green pills. The officer also found a small foil package with burn marks on it lying on the floor of the passenger side of the car. The officer seized the items and gave defendant his rights. When asked about the pills, defendant responded, "Those aren't mine, I didn't even know they were there, they might be my sister's diet pills." Defendant also told the officers that the car was registered to him. However, a computer check revealed that the car was registered to defendant's sister. The officers took defendant and the seized items to the police station. The foil package was found to contain incense and no controlled substance. The pills were found to contain a Schedule II controlled substance, dextroamphetamine.

Defendant did not testify. The first defense witness was his sister, Annette Brown, to whom the car was registered. She testified that in 1979 or 1980, she moved from an apartment where she lived with her step-sister, Dorothy King. In the move, she inadvertently took the step-sister's diet pills with her. Upon discovering the diet pills at her new home, she put them in her car, intending to return them. At that time, the pills were in the same container that was seized by the officers, but the lid was on. Annette Brown further testified that she loaned her car to defendant on June 13, 1983.

Defendant's next witness was his step-sister, Dorothy King. She testified that the pills had been prescribed to her at the Malay Clinic for weight loss. She stopped taking them in 1979 because she had changed doctors, and she left them in her medicine cabinet. She further testified that some time after Annette Brown moved out, Annette Brown called and said she had taken the pills, had put them in her car, and would return them. King told Brown there was no need to hurry. The pills were not returned.

On appeal, defendant claims the state failed to make a submissible case because the evidence was insufficient to prove that defendant knowingly and intentionally possessed the controlled substance. In reviewing the record, we accept as true all evidence which tends to prove defendant guilty, along with any reasonable inferences which are supportive of the verdict. *State v. Kerfoot*, 675 S.W.2d 658 (Mo.App. 1984).

To sustain a conviction for possession of a controlled substance, the state must prove that defendant had conscious and intentional possession of the substance, and had knowledge of the presence and nature of the substance. Section 195.020 R.S.Mo.1978; *State v. Barber*, 635 S.W.2d 342 (Mo.1982). Possession may be proved by circumstantial evidence, and knowledge may be inferred therefrom. However, "to support a conviction or make a submissible case based on circumstantial evidence, the facts and circumstances must be consistent with each other, must tend to prove guilt, and not only must be consistent with the hypothesis of the defendant's guilt, but also must be inconsistent with every other reasonable hypothesis of innocence." *State v. West*, 559 S.W.2d 282, 285 (Mo. App.1977).

The evidence need not prove actual possession. Exclusive control over the place where the substance is found raises an inference of possession; however, if control is not exclusive, the mere fact that defendant was present where the substance is found does not alone make a submissible case. In these circumstances, there must be additional independent factors to buttress an inference of defendant's knowledge and control. *State v. Barber*, 635 S.W.2d 342, 343 (Mo.1982); *State v. Stewart*, 542 S.W.2d 533, 538 (Mo.App. 1976).

Here, since defendant did not own the car, he did not have exclusive control over it. It can be inferred that defendant had knowledge of the presence of the pills because they were in close proximity to him, and in open view in broad daylight. However, the state's case falls short of either direct or circumstantial evidence as to proof of knowledge of the nature of the substance.

We have searched the record for buttressing facts that would support an inference that defendant knew the pills were illegal. We do not believe defendant's statement, "they might be my sister's diet pills," standing alone, is enough. The state's apparent reliance on the officers' testimony that they saw defendant "leaning over on the passenger side as if to retrieve something or place something on the floor" is misplaced. Had the pills been found on the floor of the passenger side, it could be argued that this gesture was an effort to conceal, and therefore an inference of knowledge may arise. Here, however, the pills were not on the floor, but on the console in the center of the car. The evidence here is not sufficient to support a conviction. Reversed.

DOWD, CRIST and CRANDALL, JJ., concur.