STATE of Missouri, Respondent,

v.

Randy Clifton RAY, Appellant.

No. 53466.

Missouri Court of Appeals,
Eastern District,
Division One.

March 29, 1988.

Gary M. Gaertner, P.J., dissented.

J. Andrew Walker, Clayton, for appellant.

William L. Webster, Atty. Gen., Jared Richard Cone, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of possession of a controlled substance, § 195.020, RSMo 1986, for which he was sentenced as a persistent offender to a jail term of thirty years. He challenges the sufficiency of the evidence to sustain his conviction. We reverse.

On review of a challenge to the sufficiency of the evidence, we view the record in the light most favorable to the State, accepting as true all evidence, and inferences therefrom, supporting the guilty verdict. *State v. Barber*, 635 S.W.2d 342, 343 [1] (Mo.1982).

To sustain defendant's conviction the State must have established that defendant knowingly and intentionally possessed a controlled substance. *Id.* at [2]. Possession must be intentional, although it can be actual or constructive, and defendant must know the nature of the substance he is charged with possessing. *Id.* Possession and knowledge may be shown by circumstantial evidence, *Id.* at [3]; however, if there is joint possession of the premises where the controlled substance was found,

more evidence than just defendant's presence on the premises is necessary to connect defendant to the controlled substance. *Id.* at 344 [4].

On June 9, 1986 at approximately 3 a.m., defendant was riding in the back seat of a car when it was pulled over for erratic driving. Defendant, the driver and the front seat passenger got out of the car and the car was searched. A syringe and a spoon were found laying on the backseat; a further search uncovered a piece of snowpaper (paper used to pack cocaine) underneath the rear seat. There was also a bottle cap and a spoon on the front seat, and in the glove compartment the police found another spoon and a package of brown envelopes. There was 0.04 grams of cocaine on the snowpaper, and there was a cocaine residue on the spoons and bottle cap. The syringes were not tested for the presence of cocaine. A search of defendant uncovered no drugs but defendant was carrying over $150 in cash.

There was no evidence defendant had actual possession of any cocaine. As to constructive possession, there was no evidence defendant owned the car, rode in it on a frequent basis, or even that he had been in the car prior to when it was stopped. In *State v. Brown,* 683 S.W.2d 301 (Mo.App.1984), pills were laying on a tray located on the front hump of the floorboard, and we held "[i]t can be inferred that defendant had knowledge of the presence of the pills because they were in close proximity to him, and in open view in broad daylight." 683 S.W.2d at 303 [4] (reversed for lack of substantial evidence to prove defendant knew the nature of the pills). By the same reasoning we can infer that, although it was dark, defendant was aware there was a syringe and a spoon on the seat next to him. The next step would be to infer defendant knew the spoon could be used for heating cocaine; however, there was no evidence presented to the jury from which they could infer defendant was aware of this practice, let alone infer he knew that particular spoon had been used for cocaine. Likewise, we cannot infer defendant was aware of the snowpaper un-

derneath the rear seat of the car he was a passenger in.

The evidence is not sufficient to support the conviction. Judgment reversed.

REINHARD, J., concurs.

GARY M. GAERTNER, P.J., dissents.