STATE of Missouri, Respondent,

v.

Larry HARRIS, Appellant.

No. WD 43519.

Missouri Court of Appeals,
Western District.

March 26, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 30, 1991.

James R. Brown, Bruce B. Brown (argued), Kearney, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Ronald Jurgenson (argued), Asst. Attys. Gen., Jefferson City, for respondent.

Before NUGENT, C.J., and ULRICH and BRECKENRIDGE, JJ.

NUGENT, Chief Judge.

Defendant Larry Harris appeals from the trial court's judgment and sentence of four years imprisonment as a prior offender on a jury conviction for possession of cocaine. We affirm the judgment.

Mr. Harris contends that the trial court erred in overruling his motions for judgment of acquittal because the state failed to adduce evidence sufficient to submit the case to the jury. He argues that since the state relied on circumstantial evidence it should have borne a heavier burden of proof than that which it shouldered at trial. He further maintains that the state's evidence failed to demonstrate guilt under a

theory of joint possession of a controlled substance.

On April 29, just after midnight, Park Rangers James Newberry and Thomas Jarboe discovered a pickup truck in the darkened parking lot of the Watkin's Mill State Park. A winding road led from the lot to the entrance of the park, which officially closed at ten o'clock. The headlights of their patrol vehicle revealed two figures in the truck. Shining a search light on the truck, they saw each of the figures make a quick downward motion until almost hidden from view then reappear. The rangers approached and found the defendant seated on the passenger side and Darrell Scobee on the driver's side of the pickup. Defendant Harris and his companion, Darrell Scobee, complied with the rangers' request to step out of the truck. Ranger Newberry, at the door on the driver's side shined his flashlight into the truck's interior and found three beer cans in the middle of the floorboard and, immediately in front of the passenger's seat, a plastic container with a syringe propped up against it. He placed a cigarette butt on the needle and took possession of the syringe and container, which held a "liquid powder," a slurry-like substance. None of the liquid had spilled onto the floorboard. His search of the truck also produced a copy of *High Times Encyclopedia of Recreational Drugs* from under the driver's seat.

Questioned by Ranger Newberry about the substance in the container, Mr. Harris said that he knew nothing about it. He said that earlier in the evening a man he knew only as "John" had joined Mr. Scobee and him at a tavern and later in drinking beer in the truck. He suggested that the objects perhaps belonged to John and that perhaps John had a diabetic condition requiring a syringe. Mr. Scobee admitted owning the High Times book.

The rangers did not arrest the men but took the syringe and container to the Smithville police station for preliminary testing. A Scott's Re–Agent Test Kit showed the substance contained cocaine. A Missouri State Highway Patrol chemist later tested the liquid and also concluded that it contained cocaine. The state charged the defendant by information under § 195.200.1(1) with possession of a controlled substance, to-wit: cocaine, a Schedule II controlled substance.

At trial, defendant Harris testified that he saw the syringe and container for the first time only after the rangers had examined the truck's floorboard. He further testified that he had failed to find John again and that Mr. Scobee had refused to testify on his behalf and, therefore, would not corroborate his testimony about John's presence in the truck earlier that night.

In addressing a challenge to the sufficiency of the evidence, an appellate court views as true the evidence of the prevailing party and all reasonable inferences drawn from it and ignores all contrary evidence and inferences. *State v. Luna*, 800 S.W.2d 16, 19 (Mo.App.1990). *See also Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The court employs this standard in reviewing all evidence, direct as well as circumstantial, and must determine whether the state adduced evidence sufficient to justify its submission to the jury. *Luna, supra.*

■ Circumstantial evidence means evidence that does not directly prove a fact in issue but gives rise to a logical inference that the fact exists. Direct evidence means evidence that proves a fact in issue without other inference of that fact. *State v. Newbold*, 731 S.W.2d 373, 380 (Mo.App.1987).

■ Where the state has adduced only circumstantial evidence, the reviewing court must apply the circumstantial evidence test that Mr. Harris contends we must apply here. Under that test, the state's evidence must exclude any reasonable hypothesis of innocence. *Luna, supra.* Where, however, any direct evidence exists, as it does here, the test of sufficiency changes. The proper test then requires that, based on all evidence supporting the jury's verdict, including all favorable inferences taken as true, and discounting all adverse inferences, the state proved all elements of the charges by substantial evidence. *State v. Craig*, 642 S.W.2d 98, 101

(Mo.1982) (en banc). *Newbold, supra,* at 380–81.

To sustain a conviction for the possession of a controlled substance, the state must prove that the defendant knowingly and intentionally possessed the substance. *State v. Bowyer,* 693 S.W.2d 845, 847 (Mo.App.1985). Nevertheless, the state need prove only constructive rather than actual possession. Thus, proof of any exercise of control over the drug suffices to show possession. *Id.*

Where the state proves that an accused had exclusive control of a premises or a vehicle, the law infers that contraband found there rests within that person's possession and control. *Id.* As the defendant correctly argues, however, where joint possession of premises exists, the state must prove additional circumstances to inculpate an accused. *Id.*

Here, the direct evidence shows that a box containing a cocaine solution with a syringe balanced neatly on its rim rested at the feet of defendant Harris as he sat in a truck. Had Mr. Harris sat alone in the truck that night, this evidence alone could have sustained a conviction. Contrary to the state's argument, however, we address a situation involving joint possession of the contraband. Nevertheless, sufficient additional circumstances appear to prove reasonable guilt under a theory of joint possession.

The state's circumstantial evidence shows that the defendant and his companion sat in a deserted and unlighted parking lot nearly two hours after the park had closed. They had reached the lot after driving along a winding road, yet no liquid appeared outside the plastic container. They had with them a "how to" book on drug use. When caught in the rangers' search lights, they quickly bent forward, almost disappearing. A reasonable person could conclude from that evidence that the defendant sought a secluded and dark place where he could inject cocaine, that he participated in preparing for the injections after they had parked, and that, when discovered, he tried to hide the syringe and container. In particular, we note that action resembling an effort to conceal, like flight from a crime scene, constitutes admissible evidence reasonably implying consciousness of guilt. *Cf. State v. Greer,* 783 S.W.2d 527, 529 (Mo.App.1990) (although open to other interpretations, flight may indicate participation in crime).

Moreover, in exercising its discretion "to believe all, some or none of the witness' testimony in light of the facts, circumstances and other testimony in the case," *State v. Harvey,* 641 S.W.2d 792, 799–800 (Mo.App.1982), the jury did not believe defendant Harris' exculpatory testimony. His assertion that he had not seen the container and syringe until after the rangers' search required belief that a syringe could remain balanced on the rim of a plastic container during a winding drive and that during the drive, no liquid would splash out of the uncovered container. It also demanded belief that he could sit throughout the evening, as well as bend down within a few inches of them, and never notice the objects at his feet. Accepting his reasoning would have compelled the jurors to conclude either that he kept his eyes closed all night or that a miracle of spontaneous generation occured when the rangers searched the truck.

The jury also rejected the defendant's story that case him in the role of the hapless victim of the ephemeral John, who, like the contraband, appeared and vanished at the defendant's convenience. Mr. Harris did not know John's surname, his workplace or his address, and, he maintained, Darrell Scobee would not testify on his behalf regarding John. Not only did defendant Harris fail to demonstrate that John placed the contraband in the truck unbeknownst to him, he failed to prove John's existence.

Finally, the defendant fails in asserting that his conviction conflicts with precedent set in other cases involving joint possession of controlled substances. He relies on *State v. Ray,* 747 S.W.2d 765 (Mo.App. 1988), *State v. Bowyer, supra,* 693 S.W.2d 845, and *State v. Brown,* 683 S.W.2d 301

(Mo.App.1984). We find each case distinguishable from the case at bar.

In *Ray,* police found lying next to the defendant, a passenger in the rear seat of an automobile, syringes and a spoon used to heat cocaine. They also found cocaine wrapped in snowpaper, paper used to pack cocaine, hidden under the rear seat. The appellate court concluded that the evidence failed to demonstrate the defendant's knowledge of the uses made of the spoon and syringes or the existence of the hidden cocaine. 747 S.W.2d at 766.

Likewise, in *Bowyer, supra,* police searched an automobile belonging to the defendant's estranged wife, driven by the defendant with his wife as a passenger, and found one roach clip dangling from the rear view mirror, another hidden clip, and a bag of marijuana taped beneath the glove compartment. Both the defendant and his wife denied that he knew of the presence of the marijuana. They testified that the wife had exclusive control over the automobile and that the defendant had not ridden in the automobile for six months prior to the search. The court of appeals reversed his conviction, reasoning that no evidence indicated that the defendant knew of the concealed marijuana. 693 S.W.2d at 849.

In *Brown, supra,* police officers, in stopping the defendant driver for driving with a cracked windshield, saw him " 'leaning over on the passenger side as if to retrieve something or place something on the floor.' " 683 S.W.2d at 302. In searching the car, owned by the defendant's sister, they found diet pills, a controlled substance, in a plastic bottle lying on the front seat "hump" and a foil bag of incense lying on the passenger-side floor. The defendant denied possessing the pills. The appellate court reversed his conviction, reasoning that the evidence showed that the defendant did not have exclusive control of the auto and its contents and did not show that he knew the nature of the pills. *Id.* at 303.

Here, unlike *Ray* and *Bowyer,* the contraband lay in full view at the defendant's feet. Unlike *Brown,* where the defendant sat near an innocuous bottle of pills, defendant Harris sat near a syringe and an uncovered container of a cocaine solution; when discovered by the rangers, he moved in a way indicating an effort to conceal something.

For the foregoing reasons, we affirm the judgment of the trial court.

All concur.