STATE of Missouri,
Plaintiff–Respondent,

v.

Christopher L. SMITH,
Defendant–Appellant.

No. 57907.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 30, 1991.

L. Richard Brinkman, Arnold, for defendant-appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Chief Judge.

Defendant, Christopher L. Smith, appeals from his convictions, after a jury trial, of possession of cocaine and of possession of drug paraphernalia. Defendant was sentenced as a prior offender to concurrent terms of incarceration of five years and sixty days respectively. We affirm.

Defendant challenges the sufficiency of the evidence. On review, facts and appropriate inferences drawn therefrom must be assessed in the light most favorable to the State and all adverse inferences and evidence disregarded. Review is limited to whether the evidence is sufficient to build a submissible case and whether there is sufficient evidence from which reasonable individuals could conclude that defendant is guilty. *State v. Turner*, 631 S.W.2d 695, 696 (Mo.App.1982).

The evidence adduced at trial established that at 10:00 p.m. on May 7, 1988, a police officer was investigating a report that a hitchhiker on Highway I–55 had thrown a rock through the windshield of an automobile. The officer stopped defendant, who appeared to match the description of the perpetrator. When the officer ran a record check on defendant, he discovered that defendant was wanted on an outstanding warrant. He arrested him under the out-

standing warrant, placed him in the police vehicle, and took him to the motorist who had been driving the damaged vehicle. When the motorist was unable to identify him as the person who had thrown the rock, the police officer transported him to the police station.

In the police car, defendant conversed with the officer on the way to the station. He volunteered that he was an addict, that he had had a "hit" of cocaine at approximately 4:00 p.m. that afternoon, and that he was coming down from a "high."

At the police station, the officer conducted a routine inventory search of defendant's person pursuant to booking him. The officer discovered a syringe in the left front pocket of defendant's shirt and asked, "What is this?" Defendant responded, "It is a syringe. There is nothing in it." The officer observed that although the syringe was empty, some residue was visible.

The forensic chemist for the police department testified that a residue coated the inside of the syringe. An analysis revealed that the syringe contained cocaine. The quantity of the cocaine was too small to be measured or weighed by the methods available in the crime lab.

Defendant raises three points on appeal. The second point challenges the sufficiency of the evidence to support defendant's convictions of possession of cocaine and of possession of drug paraphernalia.

To sustain defendant's conviction for possession of cocaine, the State must establish that defendant knowingly and intentionally possessed the controlled substance. *State v. Ray*, 747 S.W.2d 765 (Mo. App.1988). Possession must be intentional, although it can be actual or constructive; and defendant must know the nature of the substance he is charged with possessing. *Id.* Possession and knowledge may be shown by circumstantial evidence. *Id.* In the instant action, the salient issue is whether, given the minute amount of cocaine in the syringe, there was sufficient evidence to establish that defendant's possession of the cocaine was knowing and intentional.

In *State v. Polk*, 529 S.W.2d 490 (Mo. App.1975), "traces" of heroin were found in capsules contained in a box hidden in the bedroom closet of an apartment occupied by the defendant Polk. This court reversed Polk's conviction of possession of a controlled substance. The court stated that to sustain a conviction for possession of a controlled substance under Section 195.020, RSMo (1986), "the test is whether the defendant was aware of the *presence and character* of the particular substance, *and was intentionally and consciously in possession of it....*" *Id.* at 492. Knowledge is essential to possession and is an antecedent to the exercise, or the intent to exercise, physical control over the proscribed substance. *Id.* The court then held:

[W]here the *only* evidence to support the conviction of possession of a controlled substance [is] ... an amount of the controlled substance which is so miniscule as to constitute a mere "trace" and which is immeasurable and consumed in the performance of the basic test necessary for identification of the substance [the evidence] is insufficient to support a finding that the accused was knowingly, intentionally and consciously in possession of the controlled substance in violation of the statute.

*Id.* at 494 (Emphasis added). With regard to the evidence, the court stated that there was "no direct evidence that [Polk] had actual possession of the heroin because it was not found on or about his person or in his immediate vicinity." *Id.* at 492.

In *State v. Young*, 427 S.W.2d 510 (Mo. 1968), during a search pursuant to an arrest for an unrelated matter, police discovered in defendant Young's possession a brown paper bag with three half gelatin capsules which were "caked" with a "white substance." The contents of the capsules were scraped and found to weigh .003 grams. Subsequent chemical analysis established that the substance was heroin. The Missouri Supreme Court affirmed Young's conviction of possession of a narcotic drug. The court held that possession of a discernible amount of heroin, "suffi-

cient to use in the performance of chemical tests to determine not only its presence but its nature" was sufficient to sustain a conviction. *Id.* at 512 (quoting *State v. Dodd,* 28 Wis.2d 643, 137 N.W.2d 465, 469 (1965)). The court noted, however, that the quantity of a controlled substance might be so small as to indicate that there had been merely a prior, and not a present, possession of the controlled substance. *Id.*

In *State v. Ray,* 747 S.W.2d 765 (Mo.App. 1988), defendant Ray was a passenger in a vehicle which the police stopped for erratic driving. In the automobile were found syringes, a spoon and bottle cap with cocaine residue, two more spoons, snowpaper (paper used to pack cocaine) with .04 grams of cocaine on it, and a package of brown envelopes. This court reversed Ray's conviction of possession of a controlled substance, stating that "[t]here was no evidence [Ray] had actual possession of any cocaine." *Id.* at 766. The court questioned whether there was evidence that Ray was aware of the presence of the items and of how they were used for cocaine. *Id.* at 766.

▮ In the case before us, there was sufficient evidence to establish that defendant knowingly and intentionally possessed cocaine. The syringe with the cocaine residue was found in defendant's front shirt pocket. The residue on the inside of the syringe was visible. Defendant was therefore in actual physical possession, as opposed to constructive possession, of the trace amount of the cocaine. In addition, defendant made two statements which indicated that he was aware of the presence and character of the substance. First, his statement that he had a "hit" of cocaine at 4:00 p.m. raises the inference that the syringe in question was used for that purpose. Second, his statement that there was nothing in the syringe raises the inference that he knew that there had been cocaine in it, at least at 4:00 in the afternoon. These statements by defendant also negate his argument on appeal that he didn't have knowledge of the cocaine's presence because it was only "left over" in the syringe and because he told the officer the syringe

was empty. Defendant's mistaken belief that he had used all of the cocaine in the syringe does not deprive him of the requisite knowledge for possession. There was sufficient evidence to convict defendant of possession of a controlled substance.

▮ In addition, there was sufficient evidence that defendant knowingly and intentionally possessed drug paraphernalia. The syringe with cocaine residue was found on defendant's person. His own statements that he had a "hit" that day and was "high" permit the inference that he had used the syringe to inject the cocaine into his system. Defendant's second point is denied.

In his first point, defendant contends that the trial court erred in refusing to grant his motion for judgment of acquittal at the close of State's opening statement because State failed to mention any evidence that would be adduced to establish that defendant was guilty of possession with intent to use drug paraphernalia. Defendant's third point charges error in the trial court's refusal to grant a mistrial when the State argued in closing argument that the jury should convict defendant to deter the sale of drugs when there was no evidence of a sale in the present case. We have reviewed the record and find that these two claims of error are without merit. No jurisprudential purpose would be served by a written opinion on these points. Points I and III are denied in accordance with Rule 30.25(b).

The judgment of the trial court is affirmed.

SIMON and REINHARD, JJ., concur.