STATE of Missouri, Respondent,

v.

Mark Allen FOX, Appellant.

No. WD 47434.

Missouri Court of Appeals,
Western District.

June 21, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 2, 1994.

Application to Transfer Denied
Sept. 20, 1994.

---

James R. Wyrsch, Jacqueline A. Cook, Wyrsch, Atwell, Mirakian, Lee & Hobbs, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before LOWENSTEIN, P.J., and BERREY and SPINDEN, JJ.

LOWENSTEIN, Presiding Judge.

This is an appeal from a jury trial of Appellant, Mark Fox, who was convicted of a class B felony of possession with intent to distribute a controlled substance, § 195.211 RSMo.Supp.1991, and sentenced to fifteen years imprisonment. His two points on appeal are: 1) the sufficiency of the evidence; and 2) the admission of evidence of uncharged crimes.

In May, 1992 the Buchanan County Drug Strike Force was conducting an investigation and surveillance of Allen Lange, and Fox. On May 15, 1992 members of the surveillance team, which also included officers of the Missouri State Highway Patrol and St. Joseph Police Department, observed Lange while he was at the home of a confidential informant. Lange sold the informant two ounces of cocaine for $2800.

When Lange left the informant, he drove to Fox's home (also being monitored), picked up Fox and Fox's brother and drove away. A short time later, Lange was stopped. Fox was in the front passenger seat of the car, his brother in the back seat. The men were ordered out of the car so it could be

searched; they all complied. The police found a brown paper bag, the type used by grocery stores, lying on the right front floorboard, in the area between Fox's legs. One of the officers conducting the search testified that the bag was in plain view, and not under the seat. Inside the grocery bag was a plastic bag, containing 134.4 grams of cocaine, or about 4.6 ounces. Fox was taken into custody and searched, the officers found approximately $6,329.70. (Fox had $5,300 in the left rear pocket of his jeans, $571 in the right front pocket, $400 in the right rear pocket, and $58.70 in the left front pocket.)

Lange testified pursuant to a plea agreement. He said he had known Appellant for four or five years and he had previously supplied him with cocaine. Lange said the cocaine in the car was his, he had just sold 2 ounces to another person and that he had intended to give the cocaine to Appellant; he wanted "to see if he [Fox] wanted it or not." Lange testified, "In the past we had done dealings ...;" however, he further stated that at the time of arrest, Appellant had no idea of the presence of drugs. Furthermore, in contradiction to the testimony of the arresting officers, he testified the bag was concealed under the passenger's seat and would not have been visible to someone sitting in the front seat. He said he picked Fox up to talk about the business they were starting together.

At the time of the arrest, there were approximately five ounces of cocaine in the car. The cocaine was in a bag, which was visible on the floorboard underneath, or between Fox's feet. The going price for the quantity of cocaine was approximately $1,200–$1,500 per ounce; an informant had just paid $1,450 for one ounce. Officer Strong with the Buchanan County Strike Force testified that user amounts are generally one to two grams, and anything over that amount indicates a distributor.

### SUFFICIENCY OF THE EVIDENCE

■ Fox asserts there was insufficient evidence to prove he was in possession, actual or constructive of the contraband and, therefore, his motion for judgment for acquittal or motion for a new trial should have been granted. Where the sufficiency of the evidence is questioned, this court will not weigh the evidence, but will accept it as true; all evidence and reasonable inferences drawn therefrom are received in a light most favorable to the jury's verdict, disregarding all contrary evidence and inferences. *State v. Purlee*, 839 S.W.2d 584, 587 (Mo. banc 1992); *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989). Review is only to determine whether there is substantial evidence that a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *State v. Grim*, 854 S.W.2d 403, 406 (Mo. banc 1993) cert. denied —— U.S. ——, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993). Issues of credibility, reliability and weight given to witnesses' testimony are for the jury. *State v. Parrish*, 852 S.W.2d 426, 428 (Mo.App.1993).

Circumstantial evidence is that which does not directly prove a fact in issue but gives rise to a logical inference that the fact exists. *State v. Harris*, 807 S.W.2d 528, 529 (Mo. App.1991). Direct evidence is evidence which proves a fact in issue without other inference of that fact. *Id.* Under the circumstantial evidence rule:

> Where the conviction rests on circumstantial evidence, the facts and circumstances to establish guilt must be consistent with each other, consistent with the guilt of the defendant, and inconsistent with any reasonable theory of his innocence. *In such cases the evidence need not be absolutely conclusive of guilt nor must the evidence demonstrate the impossibility of innocence.* *Grim*, 854 S.W.2d at 406 (citing *State v. Livingston*, 801 S.W.2d 344, 347 (Mo. banc 1990)) (emphasis added in Grim)

This standard has been rejected by the Supreme Court of Missouri in *State v. Grim*, 854 S.W.2d 403. The Court held that as long as a conviction can be upheld under *Dulany*, the due process requirements have been met. *Id.* at 406. The Court held the question of "how likely a theory has to be before it is reasonable" unnecessarily adds to the overall confusion regarding the rule. This court does not decide on whether the Court's ruling in *Grim* applies to this case because even if it does not apply, and the prior circumstan-

tial evidence rule is applicable, there is sufficient evidence to affirm the conviction.

To prove a violation of § 195.211, the State must prove that the defendant: 1) knowingly and intentionally possessed a controlled substance; 2) that he knew of its nature and presence; and 3) he intended to deliver the cocaine to another. *State v. Parrish*, 852 S.W.2d at 428 (1993); § 195.211.

■ The elements of knowledge, awareness, and possession may be proved by circumstantial evidence. *State v. Keller*, 870 S.W.2d 255, 260 (Mo.App.1994); *State v. Thomas*, 737 S.W.2d 247, 249–250 (Mo.App. 1987); *State v. Caldwell*, 698 S.W.2d 566, 573 (Mo.App.1985). Possession may be either actual or constructive. *Keller*, 870 S.W.2d at 260. Where the state proves an accused had exclusive control of the premises or vehicle, the law infers the contraband therein is under his possession and control. *Harris*, 807 S.W.2d at 530.

■ Where there is joint possession, the state "must prove additional circumstances to inculpate the accused." *Id.* (court found sufficient evidence to affirm where the evidence included the presence of a box containing cocaine and a syringe with a cocaine solution in it, located in front of accused in a truck, the presence of a "how to" book on recreational drugs, the truck was sitting in a dark and deserted park two hours after the park closed, and the accused tried to hide the syringe); See also *State v. Barber*, 635 S.W.2d 342 (Mo.1982). Reasonable inferences drawn from circumstantial evidence can establish the elements of possession and knowledge. *Parrish*, 852 S.W.2d at 428. Additionally, the "presence of large quantities of a controlled substance may buttress an inference of possession and control if consistent with the totality of the circumstances." *Keller*, 870 S.W.2d at 260 (citing *Caldwell*, 698 S.W.2d at 574). The value of the drugs the defendant is charged with possession is also relevant to show he knowingly and intentionally possessed the drugs. *Id.* Albeit, the car belonged to Lange, not Fox, the totality of the facts establish a submission of constructive possession. *But see State v. Allen*, 744 S.W.2d 865, 868 (Mo.App.

1988). Under § 195.010(33), RSMo. Cum Supp.1993 defines constructive possession:

"A person who, although not in actual possession, has the power and the intention at a given time to exercise dominion or control over the substance either directly or through another person or persons is in constructive possession of it. Possession may also be sole or joint."

The facts favorable to the verdict are as follows: First, the bag containing 134.4 grams of cocaine was located on the floorboard on the passenger side of the car either underneath or between the defendant's feet. The police testified they did not have to look under the seat to see it but, rather, it was in plain view when they conducted their search of the car. *See Harris*, 807 S.W.2d 528; *Cf. State v. Ray*, 747 S.W.2d 765 (Mo.App.1988); *State v. Bowyer*, 693 S.W.2d 845 (Mo.App. 1985) (drugs were concealed from accused). Furthermore, Fox had purchased drugs in the past from Lange, in the same manner as this sale. *See State v. Crockett*, 801 S.W.2d 712 (Mo.App.1990) (prior dealings allows jury to reasonably infer sale was occurring). As for intent to sell, 134.4 grams of cocaine are not "user" quantities but, rather, typical of that used for selling drugs. *Keller*, 870 S.W.2d at 260. (87 grams not user quantity); *See Crockett*, 801 S.W.2d 712. $6,329.70 cash was found on the defendant; this dollar amount conforms with the "going rate" for the quantity of cocaine located in the car. Furthermore, it seems improbable that Fox was carrying around over $6,000 for their "new business." Under the totality of the circumstances, the evidence meets the circumstantial evidence rule and supports the submission of constructive possession to the jury. This is a close case—and the court's decision here is made in mind of there being limits on constructive possession cases, and that each such case is decided on its own facts. *Cf. State v. Gasperino*, 859 S.W.2d 719, 722 (Mo.App.1993). The point is denied.

### UNCHARGED CRIMES

■ Fox's second point is that the court erred in permitting evidence of uncharged crimes. He asserts Lange's testimony re-

garding prior drug dealings was wrongly admitted. The relevant testimony was:

Q: Now why did you intend then to give that cocaine to Mark Fox?

A: In the past we had done some things like that.

Q: Now in the past when you did dealings like that, Mr. Lange, what was your arrangements regarding how those deals were arranged?

After this question, there was an objection and the following discussion was held at the Bench:

Prosecutor: In the case is constructive possession, power and intention at a given point in time to exercise control. His examination is what is prior to this, how it works, what his expectations were, why he has the money in this pocket.

Court: Seems reasonable to me. If they have to prove their case as to relationship between the supplier, he was the supplier of the cocaine so it seems it would be reasonable and relevant....

(back in open court)

Q: Mr. Lange, on prior occasions when you had had dealings of that type involving drugs, how were those set up?

A: We would talk about them then they would transpire, you know in a week, whenever.

Q: What do you mean you'd talk about them?

A: Mark and I would talk face to face ...

The questioning then went on to reveal that Fox and Lange had talked on the phone before their May 15th meeting because Fox wanted him to come by his home on May 15, 1992. Fox and Lange did not discuss their new business in the course of that conversation.

■ Evidence of a defendant's uncharged prior criminal actions is not admissible unless it has a legitimate tendency to directly establish the defendant's guilt of the crime charged. *State v. Bernard*, 849 S.W.2d 10, 13 (Mo. banc 1993). The evidence must be legally relevant and its probative value must outweigh its prejudicial effect. *State v. Mallett*, 732 S.W.2d 527, 534 (Mo. banc 1987) cert. denied 484 U.S. 933, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987). The balance of the effect and value of evidence rests within the sound discretion of the trial court. *Bernard*, 849 S.W.2d at 14. There are numerous exceptions to the rule of excluding evidence of uncharged crimes, including its use to prove: 1) motive; 2) intent; 3) absence of mistake or accident; 4) common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; and 5) identity of the person charged with the commission of the crime on trial. *Bernard*, 849 S.W.2d at 13. These exceptions are not "all inclusive," and evidence of prior misconduct may be admissible even if it does not fit squarely into one of the exceptions. *Id.* In *State v. Crockett*, 801 S.W.2d 712, the court held the evidence of past drug sales was admissible to show a common scheme or plan, as well as knowledge that the substance was a controlled substance, where the evidence was that the buyer went to buy cocaine from seller/defendant at his home as he had done in the past. The same is true here. The fact Fox and Lange had previously done business in the same fashion went to establish Fox's knowledge of the nature of the drugs under his legs, as well as to establish a common scheme or plan of drug transactions. This evidence was admissive to establish the element of knowledge and intent, and such admission did not amount to error. *State v. Flenoid*, 838 S.W.2d 462, 469 (Mo.App.1992). Point two is denied.

Judgement affirmed.

All concur.