**STATE of Missouri, Respondent,**

v.

**Jamell BURNETT, Appellant.**

No. 71220.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 30, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 24, 1997.

Gwenda R. Robinson, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David R. Truman, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant appeals from the judgment entered after a jury found him guilty of possession of a controlled substance, Section 195.202 RSMo 1994, and driving with a revoked license, Section 302.321 RSMo 1994. Defendant was sentenced to concurrent terms of imprisonment of two years and one year. We affirm.

In the morning hours of April 11, 1995, a City of St. Louis police officer observed a car traveling without brake lights. The officer activated his red lights but the car went about two blocks before turning into a parking lot. After the car pulled into the parking lot but before it stopped, the officer saw the driver lean forward and to the right. According to the officer, the driver's head disappeared "beyond the back of the front seat" and the officer could not see the driver at this point. The driver then sat back up and stopped the car. The officer would later testify that defendant was the driver and that another person, later identified as defendant's then "girlfriend," was sitting on the passenger side of the vehicle. The officer searched the vehicle and found four tan pieces of "rock" wrapped in clear plastic under a cup holder "laying on the transmission hump on the floorboard of the car."

A criminologist testified that the four pieces of "rock" were crack cocaine. Defendant and his "girlfriend" testified that she was driving the car. The jury found defendant guilty of possession of a controlled substance and driving with a revoked license. The trial court sentenced defendant to two years imprisonment for the possession conviction and to a concurrent term of one year imprisonment for the license conviction. Defendant raises three points on appeal.

Defendant argues in his first point that the trial court erred in denying his motion for

judgment of acquittal because the evidence was insufficient to support the verdict for the possession of a controlled substance count. In reviewing defendant's conviction, this court accepts as true all of the evidence favorable to the State, including all favorable inferences drawn from the evidence, and disregards all evidence and inferences to the contrary. *State v. Shinn*, 921 S.W.2d 70, 72 (Mo.App. E.D.1996); *State v. Brown*, 683 S.W.2d 301, 303 (Mo.App.1984). In reviewing a challenge to the sufficiency of the evidence, this court does not weigh the evidence but determines only whether there was evidence from which reasonable persons could have found defendant guilty. *Shinn*, 921 S.W.2d at 72.

To sustain a conviction for possession of a controlled substance under Section 195.202, the State must prove (1) conscious and intentional possession of the substance, either actual or constructive, and (2) awareness of the presence and nature of the substance. *State v. Clover*, 924 S.W.2d 853, 855 (Mo. banc 1996); *State v. Purlee*, 839 S.W.2d 584, 587 (Mo. banc 1992). Both possession and knowledge can be proved by circumstantial evidence. *Purlee*, 839 S.W.2d at 587. "The two prongs of this test are not entirely independent. Absent proof of actual possession, constructive possession may be shown when other facts buttress an inference of defendant's knowledge of the presence of the controlled substance." *Id.* at 588.

In the present case, defendant drove two blocks after the police officer activated his red lights. The officer testified that he saw defendant lean forward and to his right before stopping the car. The officer also testified that when this occurred he lost sight of defendant. An act resembling an effort to conceal constitutes evidence reasonably implying consciousness of guilt. *Shinn*, 921 S.W.2d at 73. In addition, the officer further testified that he did not arrest defendant's "girlfriend" because from the time he noticed the car until he had her and defendant get out of the car, she just stayed seated in the passenger seat and did not "make any kind of movement."

Defendant's reliance on *Brown* is misplaced. In *Brown*, the defendant's conviction

for possession of a controlled substance, dextroamphetamine, was reversed. *Brown*, 683 S.W.2d at 302–03. This court held that the defendant's statement that the controlled substance might be his sister's diet pills was insufficient to prove the defendant knew the nature of the substance. *Id.* at 303. The State's reliance on the police officers' testimony that they saw the defendant "leaning over on the passenger side as if to retrieve something or place something on the floor" was rejected because the pills were not on the floor of the passenger side but were found on the console of the center of the car. *Id.* Here, defendant disappeared from the officer's view when he leaned forward and to the right, and the crack cocaine was found on the floorboard of the car. In addition, four tan pieces of "rock" wrapped in clear plastic and not pills were found in the car. We hold that there was sufficient evidence to support the conviction. Defendant's first point is denied.

No jurisprudential purpose would be served by a written opinion for the arguments in defendant's second and third points. These points are denied in accordance with Rule 30.25(b).

The judgment of the trial court is affirmed.

AHRENS, P.J., and KAROHL, J., concur.