**STATE of Missouri, Plaintiff–Respondent,**

v.

**Aaron YARBER, Defendant–Appellant.**

No. 22790.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 15, 1999.

Irene Karns, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Susan K. Glass, Asst. Atty. Gen., Jefferson City, for Respondent.

JAMES K. PREWITT, Judge.

Following jury trial, Defendant was convicted of possession of a controlled substance, and sentenced as a prior drug offender to fifteen years' imprisonment. Defendant appeals, presenting one point relied on.

Defendant contends that the State failed to make a submissible case "in that the presence of a small amount of cocaine-based substance concealed behind the bolt that secured the passenger seat of the car in which Mr. Yarber was riding does not show knowing and conscious possession, and thus will not sustain his conviction for that offense."

■■■ In reviewing to determine if evidence is sufficient, an appellate court considers the evidence together with all reasonable inferences drawn therefrom, in the light most favorable to the verdict, and disregards all contrary evidence and inferences. *State v. Grim,* 854 S.W.2d 403, 405 (Mo.banc), *cert. denied,* 510 U.S. 997, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993). In determining whether the evidence is sufficient, the court considers whether a reasonable juror could find each of the elements of the crime beyond a reasonable doubt. *Id.* at 411. An appellate court does not decide disputed facts, but may determine that the verdict was "based on sheer speculation." *Id.* at 414.

■■■ To support a conviction for possession of a controlled substance, the state must prove: (1) conscious and intentional possession of the substance, either actual or constructive; and (2) that the defendant was aware of the presence and nature of the substance. *State v. Sours,* 946 S.W.2d 747, 752 (Mo.App.1997). Both elements may be proved by circumstantial evidence. *Id.* The State contends in its brief that the evidence, although circumstantial, was sufficient, stating:

In the instant case, there was sufficient inculpatory evidence, in addition to the appellant's presence in the car, to convict him of possession of a controlled substance. The evidence presented at trial established that the appellant paid Garfield Mooney $15.00 to drive him from Sikeston to Charleston to the house of an unidentified person at 1:00 a.m. However, when they arrived in Charleston, the appellant could not locate the residence. Instead of returning to Sikeston, the appellant instructed Mooney to continue driving around and told him where to go and where to turn. As they were driving around, they encountered a young man standing near the street. The appellant instructed Mooney to stop, got out of the car, and stood talking with the man for less than a minute. He then returned to the car, and Mooney drove off. A few minutes later, Mooney was pulled over by Officer Palmer–Moody for an inoperable license plate lamp. During this traffic stop, the car was searched, and the cocaine was found under the passenger seat directly within the reach of the appellant. Mooney testified that the cocaine did not belong to him and that he had not placed it under the seat.

As such, the evidence presented at trial, viewed in the light most favorable to the verdict, established that immediately after a late night encounter with a man on the street, crack cocaine was found in the car in which the appellant was riding, underneath the seat where he was sitting, directly within his reach. A reasonable juror could infer from this evidence that the appellant had paid Mooney to take him to Charleston to buy drugs. A reasonable juror could also infer from this evidence that the appellant purchased the drugs from the man on the street during their brief encounter. A reasonable juror could further infer from this evidence that the appellant had placed the crack under his seat during the traffic stop to avoid its detection. Because the jury here found the appellant guilty, it is clear that it made these logical and reasonable inferences based upon the evidence presented to it. [References to transcript omitted.]

In *State v. Ray,* 747 S.W.2d 765 (Mo. App.1988), defendant was charged with the possession of a controlled substance. He was a passenger in a vehicle which contained cocaine. After stating that possession and knowledge may be shown by cir-

cumstantial evidence, the court noted that, where there is joint possession of the premises where the substance was found, there must be more evidence than just defendant's presence to connect him with the controlled substance. *Id.* at 765–66. The court concluded that this evidence was lacking, stating, at 766: "There was no evidence defendant had actual possession of any cocaine. As to constructive possession, there was no evidence defendant owned the car, rode in it on a frequent basis, or even that he had been in the car prior to when it was stopped." The absence of these factors is present here.

In a somewhat similar situation to *Ray* and to this appeal, the court in *State v. Bowyer,* 693 S.W.2d 845 (Mo.App.1985), found that evidence was insufficient to convict the driver of a vehicle of possession of marijuana. The court there noted, at 849:

> [T]he inference of possession of the contraband substance found in the automobile does not arise from the fact of joint possession of those premises alone, but only from evidence of additional circumstances which inculpate the accused. [Citations omitted.] The evidence shows no additional inculpatory circumstance – other than the presence of the accused in the place where the substance was found – essential to the proof of that conscious possession, and hence conviction.

A result similar to the above-referenced vehicular cases was reached in *State v. Barber,* 635 S.W.2d 342 (Mo.1982). There, the court stated, at 343–44, "if there is joint control over the premises, some further evidence is necessary to connect the accused with the drugs. [Citation omitted.] The presence of large quantities of a controlled substance *may* buttress such an inference *if* consistent with the totality of the circumstances."

Holding the evidence was insufficient, the court in *Barber* noted that defendant did not have exclusive possession of the premises, there was no evidence that he had regular use, whether exclusive or joint, of any part of the residence, and there was no evidence as to how long he had been on premises or how long the drugs had been there. 635 S.W.2d at 344. The court stated that the mere fact he was present where a controlled substance was found was not, without a showing of exclusive use or possession of premises, sufficient to make a submissible case. *Id.* at 344–45.

■ The State has argued that a reasonable juror could infer that appellant paid the driver to take him to buy drugs; that Defendant purchased drugs from the man who joined them; and that he placed the drugs under his seat. It is possible these events occurred; however, that they did is speculative. The cocaine could have belonged to the driver, whose denial would be expected, or to one of his previous passengers. How long it had been there was not shown. It was in a location making it difficult to see or find. There are numerous reasons why Defendant may have hired Mooney to drive him to Charleston and why he might talk to a man who apparently claimed he owed him money. At least a reasonable doubt remains as to who placed the cocaine under the seat. We conclude that the evidence was insufficient to establish beyond a reasonable doubt that Defendant was guilty of the crime charged.

The judgment is reversed and the trial court is ordered to enter judgment of acquittal, and Defendant is forthwith discharged.

GARRISON, C.J., and
MONTGOMERY, P.J., concur.