**STATE of Missouri, Plaintiff–Respondent,**

v.

**Robert N. JOOS, Defendant–Appellant.**

**No. 25707.**

Missouri Court of Appeals, Southern District, Division One.

Sept. 30, 2003.

Petition for Rehearing and Transfer Denied Oct. 21, 2003.

Application for Transfer Denied Dec. 23, 2003.

Robert N. Joos, pro se.

No brief filed by Respondent.

JAMES K. PREWITT, Judge.

Following a bench trial, Robert N. Joos ("Defendant") was convicted of two counts of driving a vehicle without a valid license, a Class A misdemeanor, in violation of § 302.020, RSMo.2000. He was sentenced to 15 hours of community service on each count, to be served consecutively. He raises four points on appeal, which will be discussed after a brief synopsis of the

facts. No respondent's brief has been filed by the State.

On three separate occasions, Defendant received citations for driving a vehicle without a valid license. The first alleged offense occurred on May 7, 2001; the second on November 10, 2001; and the third on December 17, 2001. The trial court sustained Defendant's motion to consolidate the three separate cases.

Defendant filed a motion to dismiss citing as reasons his religious beliefs and lack of definition of the term "operate" in the statute. He later filed a motion for a bill of particulars in which he requested that the "court require prosecutor to produce a bill of particulars, setting forth who or what he alleges I was hauling, specifically: identifying passengers, freight, and/or cargo; fees, rates or fares, and; proof of registration of cars or trucks as motor vehicles." Both motions were denied by the trial court.

Defendant waived his right to a jury trial. After hearing the evidence, the trial court sustained the judgment of acquittal on Count I, which referenced the first instance in which Defendant was charged with violation of the statute. However, the trial judge found Defendant guilty on Counts II and III. Defendant was sentenced to 15 hours of community service for each count, to be served consecutively. This pro se appeal followed.

■ In his first point, Defendant contends that the trial court erred because the term "operate" is not defined within the statute. According to Defendant, without such a definition, he had "no way of knowing what [was] prohibited." He further argues that "operate" is a technical word that essentially means "hauling for hire," an activity in which he was not involved when he received the citations.

Under § 302.020, RSMo.2000, absent meeting one of the exceptions listed in § 302.080, RSMo.2000, it is unlawful for a person to "[o]perate any vehicle upon any highway in this state unless the person has a valid license." Defendant is correct that "operate" is not among the terms defined for Chapter 302. The Chapter does, however, define the term "operator" as "every person who is in actual physical control of a motor vehicle upon a highway." Section 302.010(15).

■ Although one might argue that the definition of the term "operate" may be gleaned from the Chapter's definition of the term "operator," we can also arrive at a meaning for "operate" by considering the plain and ordinary meaning of the word. *See Cox v. Director of Revenue*, 98 S.W.3d 548, 550 (Mo.banc 2003). "Absent a definition in the statute, the plain and ordinary meaning is derived from the dictionary." *Id.*

One dictionary definition of "operate" is "to cause to function usually by direct personal effort: work (a car)." Webster's Third New International Dictionary 692 (1993); *see also Cox*, 98 S.W.3d at 550. Another dictionary defines it as "to perform a function, or operation, or produce an effect." Black's Law Dictionary 1091 (6th ed.1990).

Based on our reading of these definitions, we do not agree with Defendant that they equate to "hauling for hire." Further, given the plain and ordinary meaning of the term as noted above, Defendant's argument that, based on the absence of a definition of the term "operate" in the statute, he was not put on notice as to what activities would violate the statute or constitute "operate" fails. Point I is denied.

■ Defendant's second point is that the trial court erred in denying his motion for a bill of particulars and in allowing the State to proceed based on what Defendant argues was defective information.

■ The function of a bill of particulars is limited to informing a defendant of the particulars of the offense with which he has been charged to the extent necessary to allow him to sufficiently prepare a defense. *State v. Mills*, 872 S.W.2d 875, 878 (Mo.App.1994). Denial of a motion of a bill of particulars will not be disturbed absent an abuse of discretion. *State v. Larson*, 941 S.W.2d 847, 851 (Mo.App. 1997).

Part of Defendant's argument in this point refers to a lack of definition of terms in the statute and that he, therefore, was not notified as to what activities would violate the statute. This argument was addressed in the analysis of Point I.

Defendant also contends that the informations by which he was charged contained a misnomer of "ROBERT N. JOOS" and an incorrect address, which, according to Defendant, implied incorporation. Defendant argues that the name is fictitious and that, if we read his argument correctly, the use of capital letters inferred that the State was suing him as a corporation. However, as best as we are able to discern from the record, the use of capital letters was strictly part of the style of the case. As for the address, the address on at least one of the informations is the same as Defendant has printed on documents filed with this Court for his appeal.

Defendant has failed to show how he was misled by the alleged misnomer or incorrect address. *See Bass v. State*, 807 S.W.2d 523, 526 (Mo.App.1991). We find no abuse of discretion by the court in its denial of Defendant's motion for a bill of particulars. Point II is denied.

■ In his third point, Defendant argues that the trial court erred because allowing his prosecution and conviction violated his religious freedom. Defendant contends, "[T]here was no legal right to prosecute me for living by God's Law."

The Missouri Supreme Court has acknowledged that cases exist in which individuals have been excused from compliance with statutes because of religious beliefs. *Penner v. King*, 695 S.W.2d 887, 889 (Mo.banc 1985). However, if the statute serves an important public purpose, an individual may not always avoid compliance with statutes by interjecting religious reasons. *Id.*

■ As Defendant notes in his brief, the tradition of our country is based on individual rights and we agree that "[g]overnmental scrutiny of one's religious belief is offensive" to that tradition. *Id.* However, when an assertion of individual rights is in opposition to the police power of a state, we must balance the interests involved. *Id.*

In *Penner*, the Missouri Supreme Court considered an appeal by residents who had been denied applications for driver's licenses because they refused to disclose their social security numbers. 695 S.W.2d at 888. The Court noted that "[m]otor vehicle operators are properly subject to competency examination and licensing." *Id.* at 890. "Operation of a motor vehicle on the highways of the state is a privilege which is subject to conditions in the public interest. [Individuals] preserve their religious scruples intact by foregoing this privilege. It is for them to balance the resulting inconvenience." *Id.* at 891.

In another case in which we considered a fact scenario more similar to the case at bar, a defendant appealed his conviction and sentence for operating a motor vehicle without a valid license. *State v. Davis*, 745 S.W.2d 249, 249 (Mo.App.1988). The defendant alleged that § 302.020 violated his constitutional rights to freedom of religion and freedom of travel. *Id.*

In an opinion that relies heavily on *Penner*, we affirmed the trial court's judgment and determined that the State of Missouri,

through its licensing requirements in § 302.020, had not prohibited the defendant in *Davis* from expressing and practicing his religious beliefs or from traveling. 745 S.W.2d at 253.

We mentioned in *Davis* something that is just as important to the case at bar, which is that we do not question the sincerity or validity of Defendant's religious beliefs. *Id.* However, based on the cases analyzed above, we must deny Defendant's Point III.

In Defendant's final point, he challenges the sufficiency of the evidence. In reviewing a challenge to the sufficiency of the evidence, our review is limited to a determination of whether the evidence is sufficient to persuade a reasonable fact finder that the defendant is guilty beyond a reasonable doubt. *State v. Rousan*, 961 S.W.2d 831, 841 (Mo.banc 1998). In making our determination, we accept as true all evidence favorable to the State, including any favorable inferences drawn therefrom, and disregard all evidence and inferences to the contrary. *State v. Parnell*, 21 S.W.3d 896, 899 (Mo.App.2000).

Considering our analysis of Defendant's previous points, there is no dispute here that on the dates in question, Defendant was operating a motor vehicle without a license. Thus, the evidence was sufficient that he violated § 302.020, RSMo.2000, and the convictions and sentences were proper. Point IV is denied.

The judgment is affirmed.

BARNEY, P.J., and GARRISON, J., concur.